# EXHIBIT 7

Case 1:06-cv-00563-HHK   Document 1-8   Filed 03/24/2006   Page 1 of 8

**STUDENT HEARING OFFICE OF THE DISTRICT OF COLUMBIA**
**FIRST AMENDED ADMINISTRATIVE DUE PROCESS**
**HEARING REQUEST**

> ➤ This form shall be used to give notice to the District of Columbia Public Schools and/or a District of Columbia Public Charter School of parental disagreement with the identification, evaluation or educational placement of their child with a disability, or the timely provision of a free appropriate public education to that child, and to request a hearing and/or mediation regarding the same.
> ➤ This form must be sent to the Student Hearing Office of the District of Columbia, 825 North Capitol Street, N.E., 8th Floor, Washington, D.C. 20002. Fax number 202-442-5556

Federal law requires that when a parent or representative requests mediation, it shall be offered at no cost to the parent. Mediation may be beneficial in your case. Please indicate your decision:

___ I REQUEST MEDIATION  _ I REQUEST MEDIATION AND A HEARING  _X_ I REQUEST A HEARING

**STUDENT FOR WHOM MEDIATION/DUE PROCESS HEARING IS REQUESTED**

Student Name: Angelo Gregory-Rivas   DOB: November 4th, 1985

Address: 1358 Spring Street, NW, Washington, DC 20010

Present School of Attendance: Wilson Senior High (Recent Graduate)

Home School: Cardozo Senior High School

(Neighborhood school where child is registered)

---

**COMPLAINT IS MADE AGAINST:**   The District of Columbia Public Schools
                                 DCPS and/or D.C. Public Charter School-specify charter school

**INDIVIDUAL REQUESTING MEDIATION/DUE PROCESS HEARING**

Name:  _Ms. Cheryl Rivas_

Address: _1358 Spring Street, NW, Washington, DC 20010_

Phone: (H) _____ (W) _____ (Fax) _____

Relationship to Student: _X_ Parent __ Self __ Legal Guardian ___ Parent Surrogate ___ Public Agency

**PARENT REPRESENTATIVE/ATTORNEY/ADVOCATE (if applicable):**

Name: __Roberta Gambale, Esq.__   Phone: (W) __202-742-2000__   (Fax) _____

Address: _____

1. You must indicate three (3) dates when you and your representative (if you have one) are available within the next twenty (20) days for mediation (if you are requesting mediation) and/or three (3) dates within the next 35 days (or 30 days if you represent a student enrolled at ETS or Rock Creek Academy) when you, your representative, and witnesses will be available to appear for a hearing (if you are requesting a hearing). Please indicate whether you are available in the AM, PM, or both on the identified dates.

Hearings:   __June 24th, 2005__   _____   _____

Mediation:  _____   _____   _____

> FOR ALL DCPS STUDENTS, IF YOU PROPOSE DATES MORE THAN 35 DAYS FROM THE DATE OF YOUR REQUEST, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING OFFICER DETERMINATION WITH 45 DAYS OF THIS REQUEST. IN THE CASE OF A WAIVER, THE STUDENT HEARING OFFICE WILL CONTINUE TO USE BEST EFFORTS TO ISSUE A HEARING OFFICER DETERMINATION WITHIN 45 DAYS OF YOUR REQUEST (OR AS CLOSE TO 45 DAYS AS IS POSSIBLE).
>
> FOR STUDENTS ATTENDING ETS OR ROCK CREEK ACADEMY, IF YOU PROPOSE DATES BEYOND THE 30-DAY PERIOD, YOUR SIGNATURE BELOW WILL INDICATE YOUR WAIVER OF YOUR RIGHT TO A HEARING WITHIN THAT PERIOD.

Every effort will be made to accommodate your requested dates. Please be aware that proposed hearing dates which fall fewer than 21 days from the date of your request are difficult to accommodate. Your dates are most likely to be available if you propose hearing dates between 21 and 35 (or 30, for students enrolled at ETS or Rock Creek Academy) days from the date your request is received and docketed by the Student Hearing Office.

If none of your proposed dates are available, or if you fail to specify any dates, the Student Hearing Office will schedule your hearing for the first available date. Upon receipt of a Hearing Notice confirming the date of your hearing, you will have an opportunity to file a Motion for Continuance, if necessary, by using the form Motion attached to your Hearing Notice. *Please do not contact the Hearing Office by phone to request a continuance. Only the Hearing Officer assigned to your case is authorized to grant requests for continuances.*

Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled. Failure to report for the hearing may result in dismissal of this case, or in a default decision against you. Disclosure of evidence and witnesses to the opposing party is required at least five business days prior to the hearing, with copies to the Special Education Student Hearing Office.

2. Special Accommodation Requests for Mediation/Due Process Hearing (please be specific):

    Interpreter
        ___ Foreign Language _____
        ___ Sign Language _____
        ___ Other _____

Special Communications _____
Special Accommodation for Disability _____
Other _____

3. In accordance with the Individuals with Disabilities Education Act (IDEA), please answer below: (You may attach additional pages to provide more information if needed.)

**Describe the nature of the problem:**

Ms. Cherly Rivas, parent of Angelo Gregory-Rivas, through undersigned counsel, hereby incorporate by this reference all assertions previously made in the due process hearing request dated May 17th, 2005. In addition to those problems, the parent also asserts the following:

**1. Denial of a Free and Appropriate Public Education - Failure to Timely Provide the Student with his Special Education and Related Services.** Compensatory education is generally defined as educational services above and beyond the services normally due a student under his state's education law. While compensatory education is not a remedy expressly identified in the IDEA courts have routinely awarded it in appropriate circumstances by exercising their authority under 20 U.S.C. § 1415 (I)(2)(B)(ii) to "grant such relief as the court determines appropriate." See Pihl v. Massachusetts Department of Education, 18 IDELR 668 (1st Cir. 1993); Burr v. Ambach, 1988-89 EHLR 441:314 (2d Cir. 1988); Lester H. by Octavia P. v. Gilhool, 16 EHLR 1354 (3d Cir. 1990); Hall v. Knott County Board of Education, 18 EDELR 192 (6th Cir. 1991); Parents of Student W v. Puyallup School District No. 3, 21IDELR 723 (9th Cir. 1994); Jefferson County Board of Education v. Green, 1987-88 EHLR 559:144 (N.D. Ala. 1987); Harris v. District of Columbia, 19 IDELR 105 (D.D.C. 1992); McManus v. Wilmette Sch. Dist. 39 Bd. Of Educ., 19 IDELR 485 (N.D. Ill. 1992); and Burlington School Committee v. Massachusetts Department of Education, 1984-85 EHLR 556:389 (1985).

Furthermore, courts have found compensatory education appropriate to make up periods when a student has been inappropriately placed or denied services. See, e.g., Manchester Sch. Dist. v. Christopher B., 20 IDELR 389 (D.N.H. 1992). The length of time of the compensatory education award commonly equals the length of the inappropriate placement or denial of services, measured in weeks, months or even years. In Manchester, the court found the student was entitled to two and one-half years of compensatory education for his being inappropriately placed for two and one-half years. Simply put, compensatory education is an appropriate remedy when a student has been denied FAPE in the past.

The student, for the past four (4) years, has been attending Wilson Senior High School in the District of Columbia. Specifically, the student, was placed at Wilson SHS, as a result of their purported program for student's with an emotional disturbance and learning disabilities. While at

Wilson SHS, the student has failed to receive all of his necessary special education instruction and related services. Moreover, the student, while at Wilson SHS only had one Individualized Educational Program developed.

DCPS, according to a recent settlement agreement, was to have reconvened the student's MDT/IEP Meeting, on or before March 15th, 2005, to review the student's evaluations, revise and update the student's IEP as necessary, discuss and determine what amount of compensatory education, if any, the student was owed, and the transfer of the student's rights. See Settlement Agreement dated February 15th, 2005. DCPS never did this, despite requests from the parent's counsel to comply with the settlement agreement. Indeed, DCPS, on or about June 6th, 2005, allowed to the student to graduate without ever having reconvened the student's MDT/IEP Meeting to determine what amount of compensatory education, if any, the student was owed.

As a result of DCPS' failure to provide the student with all of his necessary special education instruction and related services for the past four (4) years while at Wilson SHS, the student has been denied a Free and Appropriate Public Education.

**Describe issues to be addressed at the mediation and/or hearing, with specificity:**

Ms. Cheryl Rivas, parent of Angelo Gregory-Rivas, through undersigned counsel, hereby incorporate by this reference all issues previously made in the due process hearing request dated May 17th, 2005. In addition to those issues, the parent also asserts the following:

1. Whether or not the student is entitled to compensatory education as a result of DCPS' failure to provide the student with all of his special education instruction and related services.

**Describe relevant facts relating to the problem:**

See section under Nature of the Problem.

**State how you would like to see the problem corrected:**

Ms. Cherly Rivas, parent of Angelo Gregory-Rivas, through undersigned counsel, hereby incorporate by this reference all relief previously made in the due process hearing request dated May 17th, 2005. In addition to that relief, the parent also asserts the following:

1. A finding that DCPS denied the student with a Free and Appropriate Public Education by failing to provide the student with all of his special education instruction and related services.

2. DCPS, agrees to fund six (6) hours of individualized tutoring, as compensatory education, for four (4) years.

3. Based on the finding of fact and conclusion of law, the relief obtained by the parent materially alters the legal relationship of the parties by modifying the DCPS behavior in a way that benefits the parent.

4. The parent is the prevailing party.

_[signature]_                                      June 14th, 2005
Signature of Applicant/Parent (Required)          Date (Required)

**MAIL, FAX, OR DELIVER APPLICATION TO:**
**Student Hearing Office of the District of Columbia**
828 North Capitol Street, NE, 8th Floor
Washington, DC 20002 FAX: (202) 442-5556

*FOR OFFICE USE ONLY:*
Case Number: _____
Student ID#: _____

Form 101                                                                  Revised 02/01/2003

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              2273
CONNECTION TEL                        94425556
CONNECTION ID
ST. TIME              06/14 14:08
USAGE T               00'51
PGS. SENT             6
RESULT                OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill*◊ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Delores S. McKnight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers° |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |
| | e-mail: Admin@Jeblaw.biz | |
| * Admitted in Maryland Only | | ! Admitted in Bolivia Only |

# FAX COVER SHEET

DATE:       June 14, 2005

TO:         Sharon Newsome, Hearing Coordinator, DCPS Student Hearing Office

FAX NO.:    202-442-5556

FROM:       Williams Bautista

SUBJECT:    **A.G.R. / DOB: 11-4-1985**

NUMBER OF PAGES INCLUDING COVER SHEET:    **6**

COMMENTS:   *First Amended Request for Hearing*

```
*********************
***   TX REPORT    ***
*********************

TRANSMISSION OK

TX/RX NO                  2308
CONNECTION TEL                           94425098
CONNECTION ID
ST. TIME                  06/14 18:46
USAGE T                   01'21
PGS. SENT                 7
RESULT                    OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill*◊ | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Delores S. McKnight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers° |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |
| | e-mail: Admin@Jeblaw.biz | |
| * Admitted in Maryland Only | | ! Admitted in Bolivia Only |

---

# FAX COVER SHEET

---

DATE:         June 14, 2005

TO:           Katherine Rodi, DCPS Attorney, Office of the General Counsel

FAX NO.:      202-442-5097 / 202-442-5098

FROM:         Williams Bautista

SUBJECT:      **A.G.R. / DOB: 11-4-1985**

NUMBER OF PAGES INCLUDING COVER SHEET:    **7**

COMMENTS:     *First Amended Request for Hearing*