# EXHIBIT 9

(In the Matter of AG-R   DOB: 11/4/85   HOD: August 29, 2005)

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
*State Enforcement and Investigation Division*
CONFIDENTIAL
Coles B. Ruff, Jr., Due Process Hearing Officer

| | |
|---|---|
| In the Matter of Angelo Gregory-Rivas ) | IMPARTIAL DUE PROCESS |
| Date of Birth: November 4, 1985 ) | |
| ) | HEARING OFFICER'S DECISION |
| ) | |
| Petitioner (Student), ) | Hearing Date: August 15, 2005 |
| ) | |
| v. ) | Held at: 825 North Capitol St. NE |
| ) | Washington, DC |
| District of Columbia Public Schools ) | |
| ("DCPS" or "District") ) | |
| Attending School: Wilson SHS ) | |
| Respondent. ) | |
| _____ ) | |

Hearing Participants:
Counsel for Student:                         Domiento C.R. Hill, Esq.
                                             Roberta Gambale, Esq.
                                             1220 L Street NW #700
                                             Washington DC 20002

Counsel for DCPS:                            Katherine Rodi, Esq.
                                             Office of General Counsel
                                             825 North Capitol St. NE
                                             Washington, DC 20002

**INTRODUCTION:**

A Due Process Hearing was convened on August 15, 2005, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002. The hearing was held pursuant to a hearing request submitted by the counsel for the student filed May 18, 2005.

**JURISDICATION:**

The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

**DUE PROCESS RIGHTS:**

The student's counsel waived a formal reading of the due process rights.

1

(In the Matter of AG-R  DOB: 11/4/85  HOD: August 29, 2005)

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel and documents contained in the parties' disclosure statements, which were admitted into the record.

DCPS moved for the matter to be dismissed based on the student's recent graduation and receipt of a high school diploma in June 2005. The student's counsel submitted case law in opposition to the motion.

## FINDINGS OF FACT:

The student has been determined to eligible for special education and related services with disability classifications of emotional disturbance and learning disabled. The student's 2004 individualized educational program prescribed the following weekly services: 22.5 hours of specialized instruction and 1.5 hours of counseling. The student is currently nineteen. (AGR 12)

DCPS and the student's counsel entered a settlement agreement on February 16, 2005. Among other things, DCPS agreed to convene, within twenty (20) school days of executing the agreement, a MDT/IEP meeting to review the student's evaluations, revise and update the student's IEP and discuss compensatory education, placement and discuss the student's transfer of rights. (AGR 4)

A DCPS evaluator attempted to conduct a psycho-education of the student evaluation pursuant to a previous agreement. However, the student was absent from school when the attempts were made. The evaluations were never conducted. There was MDT meeting held for the student on March 24, 2005. The parent was present at the meeting. However, parent's counsel was not present. There was no discussion of compensatory education at the meeting. (Ms. Lee's testimony)

The student graduated with his class on June 6, 2005, from Wilson Senior High School with a high school diploma. (DCPS 1)

The student intends to enroll at the University of the District of Columbia (UDC) in September 2005. The student desires tutoring services that would assist him in being successful at UDC. (Student's testimony)

## ISSUE(S):

Are the student rights under IDEA terminated with his graduation from High School in June 2005?

Did DCPS deny the student FAPE by failing to comply with the February 2005 settlement agreement and discuss compensatory education at the MDT/IEP meeting?

2

(In the Matter of AG-R   DOB: 11/4/85   HOD: August 29, 2005)

## CONTENTIONS OF THE PARTIES:

DCPS counsel asserted the following:

1. The student had the option of not graduating.
2. By the student accepting the diploma he has ended his services.
3. Under IDEA the student is not entitled to services once he has graduated.

The student's counsel asserted the following:

1. The settlement agreement requires that the MDT meeting be scheduled through parent's counsel.
2. If the MDT meeting was held the student was not adequately represented.
3. The last time the student was tested he was reading on a forth grade level.
4. Although the student graduated he is due the services that he missed.
5. The remedy is not precluded by age or graduation.

## CONCLUSIONS OF LAW:

Pursuant to 5 DCMR 3030.3 DCPS bears the burden of proof, based solely upon the evidence and testimony presented at the hearing, that the action or proposed placement is adequate to meet the educational needs of the student.

1. Are the student rights under IDEA terminated with his graduation from High School in June 2005? Conclusion: DCPS did not sustain its burden of proof. The Hearing Officer is convinced after review of the case law presented by student's counsel that the student's right to compensatory education are not terminated by his graduation from high school.

In Karl Pihl v. Massachusetts DOE 20 IDELR 668, the First Circuit, citing the US Supreme Court in Zobrest v. Catalina Foothills School District 113 S. Ct. 2464, 246 (1993), stated "...a student's claim under the IDEA for reimbursement for services presented a live controversy, notwithstanding the fact that he had graduated from high school, and therefore, was no longer eligible for services under the Act. Even before Zobrest, a number of circuits had held that a student who was deprived of services to which he was entitled under the IDEA has a right to a remedy, in the form of compensatory education, regardless of his eligibility for current or future services under the act."

2. Did DCPS deny the student FAPE by failing to comply with the February 2005 settlement agreement and discuss compensatory education at the MDT/IEP meeting?

Conclusion: DCPS did not sustain its burden of proof. The settlement agreement reached by the parties explicitly required the MDT to discuss compensatory education at the MDT meeting. DCPS' witness clearly indicated there was no such discussion at the meeting.

3

(In the Matter of AG-R  DOB: 11/4/85  HOD: August 29, 2005)

**ORDER:**

1. Within thirty (30) calendar days of the issuance of this Order DCPS shall convene a MDT meeting to discuss and determine the amount of compensatory education the student is due and develop a compensatory education plan.

2. The MDT meeting shall be scheduled through student's counsel.

3. The student shall attend the MDT meeting when it is held.

4. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student and/or their representative(s).

**APPEAL PROCESS:**

This is a final decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

_____
Coles B. Ruff, Esq.
Hearing Officer
Date: August 29, 2005

Issued: _____

4

**APPEAL PROCESS:**

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

_____
Coles B. Ruff, Esq.
Hearing Officer
Date: August    , 2005

Issued: _08-30-05_

(In the Matter of AG-R  DOB: 11/4/85  HOD: August 29, 2005)

## MATTER OF Angelo Gregory-Rivas V. DCPS

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| AGR 1-14 | Parent's Disclosures | Yes |
| DCPS 1 | DCPS Disclosures | Yes |
| | * A detailed list of the documents disclosed is contained in the parties' disclosure notices | |

5

(In the Matter of AG-R   DOB: 11/4/85   HOD: August 29, 2005)

# In the MATTER OF Angelo Gregory-Rivas V. DCPS

## RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 5/18/05 | Request for Due Process |
|  | Notice of Pre-Hearing Conference (as applicable) |
| 5/19/05 | Notice of Due Process Hearing |
|  | SETS Disposition Form |
|  | Transcripts or audio tapes of hearing |

6

(In the Matter of AG-R  DOB: 11/4/85  HOD: August 29, 2005)

# INDEX OF NAMES

## In the MATTER OF Angelo Gregory-Rivas V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Coordinator | Ms. Sonya Lee |
| School Psychologist | |
| Regular Education Teacher | |
| Principal | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | Mr. Angelo Gregory Rivas |
| Child's Parent(s) (specific relationship) | |
| Child/Parent's Representative | Domiento C.R. Hill, Esq. Roberta Gambale, Esq. |
| School System's Representative | Katherine Rodi, Esq. |

7