# EXHIBIT 10



*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings**.

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

A. **INFORMATION ABOUT THE STUDENT:**

Name of the Student: __Angelo Gregory-Rivas__  Date of Birth: November 4th, 1985

Address: _1358 Spring Road, NW, Washington, DC 20010_

Present School of Attendance: Wilson Senior High School (Recent Graduate)

Parent/Guardian of the Student: ___Ms. Cheryl Rivas__

B. **Legal Representative/Attorney (if applicable):**

Name: ___Roxanne Neloms, Esq.___

Address: ___1220 L Street, NW, Suite 700, Washington, DC 20005___

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?   **X** Yes   ☐ No

C. **Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one)
☐ Charter school (name of the charter school if different from page one)_____
☐ Non-public school or residential treatment facility (name) _____
☐ Parent

D. **Resolution Session Meeting Between Parent and LEA:**

**X** I wish to waive the Resolution Session Meeting.

E. **Mediation Process:**

I am requesting an administrative due process hearing <u>only</u> at this time.

F. **Facts and Reasons for the Complaint:**

　　　　I.　Nature of the Problem.

1. <u>DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the August 29th, 2005 Order of the Independent Hearing Officer.</u> An administrative due process hearing was held for the student on or about June 24th, 2005. As a result of that hearing, the impartial due process hearing officer presiding over the case, continued the hearing until a later date and time. See Order dated June 28th, 2005.

The continued administrative due process hearing took place on or about August 15th, 2005. As a result of that hearing, the impartial due process hearing officer issued a decision on August 29th, 2005, in which the District of Columbia Public Schools ("DCPS") was ordered to do, among other things, "within thirty (30) calendar days of the issuance of this Order [DCPS] shall convene a MDT meeting

2

to discuss and determine the amount of compensatory education the student is due and develop a compensatory education plan." See Order dated August 29th, 2005.

Counsel for the parent, On September 22nd, 2005, wrote to the DCPS Office of Mediation and Compliance informing them that DCPS had yet to make any attempts to comply with the Order. See Correspondence dated September 22nd, 2005. Moreover, counsel for the parent informed DCPS that the parent intended to file an administrative due process hearing complaint in the event of DCPS' noncompliance. Id. DCPS never responded. To date, well over thirty (30) days have passed and DCPS has yet to make any attempts to comply with the Order of August 29th, 2005.

2. <u>Denial of a Free and Appropriate Public Education - Failure to Provide the Student with his Special Education Instruction and Related Services.</u> Compensatory education is generally defined as educational services above and beyond the services normally due a student under his state's education law. While compensatory education is not a remedy expressly identified in the IDEA courts have routinely awarded it in appropriate circumstances by exercising their authority under 20 U.S.C. § 1415 (I)(2)(B)(ii) to "grant such relief as the court determines appropriate." See Pihl v. Massachusetts Department of Education, 18 IDELR 668 (1st Cir. 1993); Burr v. Ambach, 1988-89 EHLR 441:314 (2d Cir. 1988); Lester H. by Octavia P. v. Gilhool, 16 EHLR 1354 (3d Cir. 1990); Hall v. Knott County Board of Education, 18 EDELR 192 (6th Cir. 1991); Parents of Student W v. Puyallup School District No. 3, 21IDELR 723 (9th Cir. 1994); Jefferson County Board of Education v. Green, 1987-88 EHLR 559:144 (N.D. Ala. 1987); Harris v. District of Columbia, 19 IDELR 105 (D.D.C. 1992); McManus v. Wilmette Sch. Dist. 39 Bd. Of Educ., 19 IDELR 485 (N.D. Ill. 1992); and Burlington School Committee v. Massachusetts Department of Education, 1984-85 EHLR 556:389 (1985).

Furthermore, courts have found compensatory education appropriate to make up periods when a student has been inappropriately placed or denied services. See, e.g., Manchester Sch. Dist. v. Christopher B., 20 IDELR 389 (D.N.H. 1992). The length of time of the compensatory education award commonly equals the length of the inappropriate placement or denial of services, measured in weeks, months or even years. In Manchester, the court found the student was entitled to two and one-half years of compensatory education for his being inappropriately placed for two and one-half years. Simply put, compensatory education is an appropriate remedy when a student has been denied FAPE in the past.

Here, the student, prior to his graduation from Wilson Senior High School, in June of 2005, was entitled to receive special education and its related services from DCPS. Specifically, the student was placed at Wilson Senior High School as a result of their purported program to deal with student's with an emotional disturbance and learning disabilities. While at Wilson, the student failed to receive all of his necessary special education instruction and related services.

3

Moreover, while at Wilson, the student only had one (1) IEP develop in four (4) years.

DCPS, according to a previous settlement agreement, was to reconvene the student's MDT/IEP Meeting on or before March 15th, 2005. Unfortunately, this failed to occur. As a result an administrative due process hearing was filed on the student's behalf.

As stated earlier, several administrative hearings were held, and orders issued which required DCPS to reconvene the student's MDT/IEP Meeting to determine what amount of compensatory education, if any, the student is owed. As stated earlier, DCPS has made no attempts to comply with the Order. As a result, there has been no determination as to the correct amount of compensatory education the student is owed.

## II. Issues presented.

1. Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the August 29th, 2005, Order of the Independent Hearing Officer; and

2. Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101 and Timely Provide the Student with his Special Education Instruction and Related Services.

## III.   Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1. A Finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the August 29th, 2005 Order of the Independent Hearing Officer;

2. A Finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101 and Timely Provide the Student with his Special Education Instruction and Related Services.

3. DCPS, within five (5) business days, agrees to reconvene the student's MDT/IEP Meeting, with the appropriate persons present, to determine what amount of compensatory education, if any, the student is owed;

4. DCPS, forty-eight (48) hours prior to the reconvening of the MDT/IEP Meeting, agrees to fax to counsel for the parent, Roxanne Neloms or Domiento C.R. Hill,

    copies of all of the student's related services logs, encounter tracking logs, and IEP Progress Reports, prior to the MDT/IEP Meeting;

5. DCPS, in the event they fail to comply with provisions three (3) and four (4) agrees to purchase, within thirty (30) calendar days, a laptop computer for the student, and software (the type of computer and software will be told to DCPS, via facsimile, by counsel for the parent) and fund two-thousand (2,000) hours of tutorial services.

6. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

7. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

8. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

9. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

10. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Roxanne Neloms, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

11. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent in this administrative

5

due process complaint will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA, furthermore, DCPS' failure to provide a response or prior written notice as required will result in the parent's being awarded a default judgment;

12. That DCPS, within fifteen (15) calendar days of receiving the parent's Complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

13. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

14. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

15. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student;

16. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec.101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

17. A finding that the parent is the prevailing party in this action.

G. **Accommodations and Assistance Needed:**

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

H.  **Signature:**

_Rosanne Nelones (SA)_                               10/1/05
Legal Representative / Advocate (if applicable)         Date

Mail, fax or deliver this complaint notice to:
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

7

```
***********************
***   TX REPORT     ***
***********************

TRANSMISSION OK

TX/RX NO              2556
CONNECTION TEL                      92024425556
CONNECTION ID
ST. TIME              10/03 10:27
USAGE T               01'10
PGS. SENT             8
RESULT                OK
```

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill o | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Dolores Scott McKnight |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammers ª |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |
| | e-mail: Admin@Jeblaw.biz | ! Admitted in Bolivia Only |

# FAX COVER SHEET

TO: Sharon Newsome. Scheduling Coordinator, Office of Student Hearings, DCPS

FROM: Domiento C.R. Hill, Esq. for Roxanne Neloms, Esq.

DATE: September 30th, 2005

FAX NO: 202-442-5556

SUBJECT: A.G.R., DOB: 11/4/85

NUMBER OF PAGES, INCLUDING FAX COVER SHEET: 8

COMMENTS: Administrative due process complaint. Thank you for your assistance.

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use of the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James E. Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.