# EXHIBIT 11

# District of Columbia Public Schools
### State Enforcement and Investigation Division
Terry Michael Banks, Due Process Hearing Officer
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

## Confidential

| | |
|---|---|
| ANGELO RIVAS-GREGORY, STUDENT | ) |
| | ) Hearing Date: December 1, 2005 |
| Date of Birth: November 4, 1985 | ) |
| | ) Complaint Filed: October 3, 2005 |
| Petitioner, | ) |
| v. | ) |
| THE DISTRICT OF COLUMBIA PUBLIC SCHOOLS | ) |
| | ) Held at: 825 North Capitol Street, N.E. |
| Respondent. | ) 8th Floor |
| | ) Washington, D.C. 20002 |
| Student Attending: Non-attending | ) |

## HEARING OFFICER'S DECISION

**Parent(s):** Ms. Cheryl Rivas, Guardian
1358 Spring Road, N.W.
Washington, D.C. 20010

**Counsel for Petitioner:** Marshall Lammers, Esquire
James E. Brown & Associates
1220 L Street, N.W.; Suite 700
Washington, D.C. 20005
(202) 742-2000; Fax: (202) 742-2098

**Counsel for DCPS:** Katherine G. Rodi, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.; 9th Floor
Washington, D.C. 20002

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

| Child | Angelo Rivas-Gregory |
|---|---|
| Child's Parent(s) (specific relationship) | Cheryl Rivas |
| Child/Parent's Representative | Marshall Lammers, Esquire |
| School System's Representative | Katherine G. Rodi |
| Special Education Coordinator | Sonya Lee, Wilson S.H.S. |
| Educational Advocate | Kevin Carter |

## Jurisdiction

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Education Improvement Act of 2004 ("IDEA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District" or "D.C.") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

## Introduction

Petitioner is a twenty year-old student who graduated from Wilson Senior High School ("Wilson") in June 2005 and is now attending the University of the District of Columbia ("UDC"). On October 3, 2005, Petitioner filed a Due Process Complaint Notice ("*Complaint*") alleging that the District of Columbia Public Schools ("DCPS") failed to comply with a Hearing Officer's Decision ("HOD") and failed to provide necessary services. The due process hearing was convened on December 1, 2005. The parties' Five Day Disclosure Notices were admitted into evidence at the hearing. At the hearing, Petitioner's counsel moved for a default judgment, because DCPS failed to file a response to the *Complaint*. The hearing officer deferred ruling on the motion, because it was not timely filed; the issue was raised for the first time, orally, at the hearing.

## Witnesses for DCPS

Sonya Lee, Special Education Coordinator, Wilson S.H.S.

## Witnesses for Petitioner

Kevin Carter, Educational Advocate
Petitioner

## Findings of Fact

1. Petitioner is a twenty year-old DCPS graduate who last attended Wilson.[1]

2. On August 29, 2005, an HOD was issued that required, *inter alia*, that DCPS convene a Multidisciplinary Team ("MDT") meeting within thirty days "to discuss an determine the amount of compensatory education the student is due and develop a compensatory education plan."[2]

---

[1] Testimony of Petitioner.
[2] Petitioner's Exhibit ("P.Exh.") No. 5 at 2.

3

3. DCPS did not convene an MDT meeting until November 30, 2005. At that meeting, the MDT determined that Petitioner was not entitled to compensatory education services.[3]

4. Petitioner's last Individualized Education Program ("IEP") was developed on May 4, 2004. The MDT prescribed 22.5 hours per week of specialized instruction and 90 minutes per week of counseling services.[4]

5. During the 2004-2005 school year, Petitioner received specialized instruction in two courses, conversational Spanish and U.S. Government.[5]

6. Petitioner was not placed in more courses providing specialized instruction because of his desire to graduate with his class in 2005. In order to graduate in 2005, Petitioner needed to complete several elective courses that were not taught by special education teachers.[6]

7. Petitioner graduated on June 6, 2005 with a grade point average of 2.247.[7]

8. Petitioner was unable to pass entrance examinations at UDC in the fall of 2005 and is taking three remedial courses.[8]

**Conclusions of Law**

Petitioner's counsel argued that Petitioner is entitled to compensatory education, because (1) the August 29, 2005 HOD ordered DCPS to develop a compensatory education plan, and (2) Petitioner's achievement scores on his most recent psychoeducational evaluation and his failure to pass his entrance examinations at UDC demonstrate Petitioner's need for compensatory education services.

First, the HOD did not specify that Petitioner receive compensatory education services, but that the MDT should "discuss and determine the amount of compensatory education the student is due," leaving open the possibility that none was due. In fact, had the previous hearing officer determined that Petitioner was entitled to compensatory education services, he could not have legally delegated to the MDT the determination of the type and amount of such services to which Petitioner was entitled. "Under the statute, the hearing officer may not delegate his authority to a group that includes an individual specifically barred from performing the hearing officer's functions."[9] The MDT determined that Petitioner was not due any compensatory education services, because (1)

---

[3] DCPS Exh. No. 1 at 4.
[4] P.Exh. No. 22 at 1.
[5] Testimony of Ms. Lee.
[6] *Id.*
[7] DCPS Exh. No. 2.
[8] Testimony of Petitioner.
[9] *Reid v. District of Columbia*, 401 F.3d 516, 526 (D.C. 2005).

4

Petitioner elected not to attend counseling services, and (2) Petitioner elected to take regular education electives to assure his timely graduation rather than to avail himself of specialized instruction and delay his graduation. The hearing officer concludes that the MDT's decision not to award compensatory education did not constitute a denial of a free and appropriate public education ("FAPE"). First, Petitioner's transcript evinces his ability to perform adequately in general education courses. Second, as a nineteen year-old, Petitioner had the legal authority to decide to take electives toward graduation rather than special education courses.[10] Third, Petitioner did, in fact graduate with passing grades in general education and special education courses.

Petitioner's representatives asserted Petitioner's entitlement to 2000 hours of specialized instruction, tutorial services sufficient to allow Petitioner to pass his entrance examinations at UDC, a laptop computer, and educational software. However, Petitioner's representatives did not make a showing that would satisfy the standard set out in *Reid*. Petitioner had the burden of showing (1) that as a result of DCPS' violation of IDEA, he suffered an educational deficiency, (2) that but for the violation, he would have progressed to a certain academic level, and (3) that there exists a type and amount of compensatory education services that would bring him to the level he would have been by for DCPS' violation. Petitioner failed to make this showing. Petitioner made no showing that the MDT denied him FAPE by declining to award him compensatory education services or that he suffered any educational harm from DCPS' denial of such services. Petitioner did not prove that his low achievement scores (on his 2004 IEP) and failure to pass his entrance examinations at UDC were attributable to DCPS' failure to award him compensatory education services more than two months after graduating from high school. Moreover, Petitioner made no showing of the educational level Petitioner would have achieved but for DCPS' alleged violation, or that the compensatory education services proposed by Petitioner would bring him to that level.

Hearing officers may not award compensatory education services based solely on the amount of services DCPS failed to provide.

> More specifically, as the Fourth Circuit has explained, "compensatory education involves discretionary, prospective, injunctive relief crafted by a court to remedy what might be termed an educational deficit created by an educational agency's failure over a give period of time to provide a FAPE to a student... Overlooking this equitable focus, the Reids' hour-for-hour formula in effect treats compensatory education as a form of damages – a charge on school districts equal to expenditures they should have made previously. Yet "the essence of equity jurisdiction" is "to do equity and to mould each decree to the necessities of the particular case. Flexibility rather than rigidity has distinguished it..." In keeping with that principle of case-specific flexibility, we agree with the Ninth Circuit that "there is no obligation to provide a day-for-day compensation for time missed. Appropriate relief is relief designed to ensure that the student is appropriately educated within the meaning of IDEA..."[11]

---

[10] 5 DCMR Section 3023.1(b).
[11] *Id.*, 401 F.3d at 523-24, citations omitted.

5

Petitioner has the burden of establishing the type and amount of compensatory services that will compensate the student for the services that were denied. Absent such a showing, any award by the hearing officer would be arbitrary.

In every case, however, the inquiry must be fact-specific and, to accomplish IDEA's purposes, the ultimate award must be reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place.[12]

In this case, Petitioner failed to meet his burden of proving that compensatory education services were warranted.

## ORDER

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, the testimony presented at the hearing, and the representations of the parties' counsel at the hearing, this 23rd day of December 2005, it is hereby

**ORDERED**, that Petitioner's motion for a default judgment is **DENIED**.

**IT IS FURTHER ORDERED**, that the *Complaint* is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED**, that this Order is effective immediately.

---

[12] *Id.*, 401 F.3d at 524.

### Notice of Right to Appeal Hearing Officer's Decision and Order

This is the final administrative decision in this matter. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy, in accordance with 20 U.S.C. Section 1415(i)(2)(A) within thirty days of the entry of the Hearing Officer's Decision.[13]

_____
Terry Michael Banks
Hearing Officer

Date: December 23, 2005

Issued: 12-27-05

Copies to:

Marshall Lammers, Esquire
James E. Brown & Associates
1220 L Street, N.W.
Suite 700
Washington, D.C. 20005
(202) 742-2000; Fax: (202) 742-2098

Katherine G. Rodi, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

---

[13] *See Amman v. Town of Stow*, 991 F.2d 929, 931(1st Cir. 1993) (since the IDEA does not set a time limit for lawsuits brought under its terms, the district court must "borrow" the most analogous statute of limitations under state law); *Spiegler v. District of Columbia*, 866 F.2d 461, 463-64 (D.C. Cir. 1989)(borrowing a 30-day limitations period for review of agency orders and applying it to an appeal from a decision under the predecessor to IDEA). In the District of Columbia, the Rules of the Board of Education do not prescribe a time limit for bringing the civil action authorized by the IDEA and the Board's Regulations, 5 D.C.M.R. Section 3032.5. The D.C. Administrative Procedures Act defers to the District of Columbia Court of Appeals to set the limitation period for filing an appeal from a final agency action. D.C. Code §2-510(a). Under the Court's rules, a petition for review of an agency order must be filed within thirty days. D.C. Ct. App. Rule 15(a).