```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA


_____
                               )
Angelo Gregory-Rivas           )
                               )
        Plaintiff,             )
                               )
        v.                     )   Civil Action No. 06-563
                               )   (HHK)
District of Columbia, et al.   )
                               )
        Defendants.            )
_____)
```

ANSWER TO THE COMPLAINT

Paragraph numbers below correspond to the paragraph numbers in the complaint.

1. Defendants admit the existence of the statutory authorities alluded to in paragraph numbered 1, but deny that jurisdiction is necessarily conferred on the court solely by reason thereof.

2-3. Defendants admit the existence of the statutory authorities alluded to in paragraphs numbered 2 through 3, but deny that relief and venue are necessarily authorized or proper solely by reason thereof.

4-5. Defendants admit Angelo Gregory-Rivas, hereinafter "A.R." was born in 1985. The remaining allegations contained in paragraphs numbered 4 through 5

are conclusions of law and fact of the pleader to which no response is required. If a response is required, then the same are denied.

    6. Defendants admit the allegation that the District of Columbia is a municipal corporation. The remaining allegations contained in paragraph numbered 6 are conclusions of law and fact of the pleader to which no response is required. If a response is required, then the same are denied.

    7. Defendants admit Clifford Janey is the Superintendent of the District of Columbia Public Schools. The remaining allegations contained in paragraph numbered 7 are conclusions of law and fact of the pleader to which no response is required. If a response is required, then the same are denied.

    8-9. The allegations contained in paragraphs numbered 8 through 9 are conclusions of law and fact of the pleader to which no response is required. If a response is required, then the same are denied.

    10. Defendants admit that a request for an administrative due process hearing was filed in November 2004. The remaining allegations contained in paragraph numbered 10 are conclusions of law and fact of the pleader

to which no response is required. If a response is required, then the same are denied.

11. Defendants admit the allegations contained in paragraph numbered 11.

12-13. Defendants admit that a request for an administrative due process hearing was filed in January, 2005. The remaining allegations contained in paragraphs numbered 12 through 13 are conclusions of law and fact of the pleader to which no response is required. If a response is required, then the same are denied.

14. Defendants admit that on February 16, 2005, DCPS entered into a settlement agreement with the parent of A.R., in lieu of a formal due process hearing. The remaining allegations contained in paragraph numbered 14 are conclusions of law and fact of the pleader to which no response is required. If a response is required, then the same are denied.

15. Defendants admit that DCPS provided plaintiff with a copy of a May 2004 IEP for A.R. The remaining allegations contained in paragraph numbered 15 are conclusions of law and fact of the pleader to which no response is required. If a response is required, then the same are denied.

16-18. Defendants admit the allegations contained in paragraphs numbered 16 through 18.

19. Defendants admit the May 2004 IEP noted that Angelo was on the diploma track. The remaining allegations contained in paragraph numbered 19 are conclusions of law and fact of the pleader to which no response is required. If a response is required, then the same are denied.

20. Defendants admit the allegations contained in paragraph numbered 20.

21. Defendants admit that a request for an administrative due process hearing was filed in May, 2005. Further answering, defendants respond that the administrative record speaks for itself.

22. Defendants admit that an amended request for an administrative due process hearing was filed in June, 2005. The remaining allegations contained in paragraph numbered 22 are conclusions of law and fact of the pleader to which no response is required. If a response is required, then the same are denied.

23. The allegations contained in paragraph numbered 23 are denied.

24-28. The allegations contained in paragraphs numbered 24 through 28 are a characterization of the administrative record. The administrative record speaks for itself.

29. Defendants admit that counsel for petitioner filed an administrative due process complaint notice in October, 2005. Further answering, defendants respond that the record speaks for itself.

30. Defendants admit that DCPS held an MDT meeting on November 30, 2005. The remaining allegations contained in paragraph numbered 30 are conclusions of law and fact of the pleader to which no response is required. If a response is required, then the same are denied.

31-33. The allegations contained in paragraphs numbered 31 through 33 are conclusions of law and fact of the pleader to which no response is required. If a response is required, then the same are denied.

34. Defendants admit that counsel for A.R. requested compensatory relief at the December 1st hearing. The remaining allegations contained in paragraph numbered 35 are conclusions of law and fact of the pleader to which no response is required. If a response is required, then the same are denied.

35-39. The allegations contained in paragraphs numbered 35 through 39 are a characterization of the administrative record. The administrative record speaks for itself.

40. The allegations contained in paragraph numbered 40 are conclusions of law and fact of the pleader to which no response is required. If a response is required, then the same are denied.

41. The allegations contained in paragraph numbered 41 are a characterization of the administrative record. The administrative record speaks for itself.

42-44. The allegations contained in paragraphs numbered 42 through 44 are a characterization of the administrative record. The administrative record speaks for itself.

45-46. The allegations contained in paragraphs numbered 45 through 46 are conclusions of law and fact of the pleader to which no response is required. If a response is required, then the same are denied.

47. Defendants admit the August, 2005 HOD required DCPS to convene an MDT meeting to discuss and determine the amount of compensatory education the student was due and to develop a compensatory education plan, within 30 days of the issuance.

48-51. The allegations contained in paragraphs numbered 48 through 51 are conclusions of law and fact of the pleader to which no response is required. If a response is required, then the same are denied.

52-53. The allegations contained in paragraphs numbered 52 through 53 are a characterization of the administrative record. The administrative record speaks for itself.

54-56. The allegations contained in paragraphs numbered 54 through 56 are conclusions of law and fact of the pleader to which no response is required. If a response is required, then the same are denied.

57. Defendants admit the allegations contained in paragraph numbered 57.

58-60. The allegations contained in paragraphs numbered 58 through 60 are conclusions of law and fact of the pleader to which no response is required. If a response is required, then the same are denied.

61. The allegations contained in paragraph numbered 61 are a characterization of the administrative record. The administrative record speaks for itself.

62. The allegations contained in paragraph numbered 62 are conclusions of law and fact of the pleader to which no response is required. If a response is required, then the same are denied.

63. The allegations contained in paragraph numbered 63 are a characterization of the administrative record. The administrative record speaks for itself.

64. The allegations contained in paragraph 64 are conclusions of law and fact of the pleader to which no response is required. If a response is required, then the same are denied.

65-66. The allegations contained in paragraphs numbered 65 through 66 are a characterization of the administrative record. The administrative record speaks for itself.

67-71. The allegations contained in paragraphs numbered 67 through 71 are conclusions of law and fact of the pleader to which no response is required. If a response is required then the same are denied.

72. The allegations contained in paragraph numbered 72 are a characterization of the administrative record. The administrative record speaks for itself.

73-74. The allegations contained in paragraph numbered 73 through 74 are conclusions of law and fact of the pleader to which no response is required. If a response is required then the same are denied.

75. Defendants admit that the hearing officer did not find DCPS had denied A.R. FAPE.

76-79. The allegations contained in paragraphs numbered 76 through 79 are conclusions of law and fact of

the pleader to which no response is required. If a response is required then the same are denied.

Further answering the complaint, defendants deny all allegations not specifically admitted or otherwise answered and all allegations of wrongdoing.

### FIRST AFFIRMATIVE DEFENSE

This complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust their administrative remedies on all pertinent issues.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' complaint is barred by the applicable statute of limitations or laches.

### FOURTH AFFIRMATIVE DEFENSE

The Hearing Officer's Decision was well reasoned and appropriate.

FIFTH AFFIRMATIVE DEFENSE

Plaintiff's right to attorney fees and costs is strictly limited.

ROBERT J. SPAGNOLETTI,
Attorney General for the
District of Columbia

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division


/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity Section 2


 /s/ Maria Merkowitz
MARIA MERKOWITZ, [312967]
Assistant Attorney General
Equity Division
441 4th Street, N.W., 6S
Washington, D.C. 20001
(202)442-9842
Fax – (202) 727-3625
Email-maria.merkowitz@dc.gov

June 7, 2006