# CERTIFICATION OF RECORD

INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400

### DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### *STUDENT HEARING OFFICE*
### SPECIAL EDUCATION

In the Matter RE:  G█████-R███, A███ vs. Wilson SHS

Case Information:          Hearing Dates: **12/01/2005**
                          Held at: **District of Columbia Public Schools Headquarters**
                                   **825 N. Capitol Street, N.E.**
                                   **Washington, D.C. 20002**
                          Student Identification Number:  **7722341**
                          Student's Date of Birth: ████1985
                          Attending School: **Wilson SHS**
                          Managing School: **Wilson SHS**
                          Hearing Request Date(s) **10/3/2005**

## CERTIFICATION OF RECORD

   I, **Shawnta Maddox, Legal Assistant of the Student Hearing Office,**

DO HEREBY CERTIFY that the attached Record of Proceeding is the entire record in

the above entitled matter as of this date, consisting of all letters, pleadings, orders,

exhibits and depositions.

   I FURTHER CERTIFY that the materials forwarded herewith are the true copy

of the original documents submitted in this matter.

EXECUTED this 31st day of May 2006.

                          **LEGAL ASSISTANT**
                          **STUDENT HEARING OFFICE**

# District of Columbia Public Schools
## State Enforcement and Investigation Division
**Terry Michael Banks, Due Process Hearing Officer**
825 North Capitol Street, N.E.; Room 8076
Washington, D.C. 20002
(571) 437-7381
Facsimile: (202) 442-5556

## Confidential

| | |
|---|---|
| A█████ R███-G█████, | ) |
| **STUDENT** | ) |
| | ) Hearing Date: December 1, 2005 |
| **Date of Birth: November 4, 1985** | ) |
| | ) Complaint Filed: October 3, 2005 |
| **Petitioner,** | ) |
| | ) |
| v. | ) |
| | ) |
| **THE DISTRICT OF COLUMBIA** | ) |
| **PUBLIC SCHOOLS** | ) |
| | ) |
| **Respondent.** | ) Held at: 825 North Capitol Street, N.E. |
| | ) 8th Floor |
| **Student Attending:   Non-attending** | ) Washington, D.C. 20002 |

## HEARING OFFICER'S DECISION

**Parent(s):**

> Ms. Cheryl Rivas, Guardian
> 1358 Spring Road, N.W.
> Washington, D.C. 20010

**Counsel for Petitioner:**

> Marshall Lammers, Esquire
> James E. Brown & Associates
> 1220 L Street, N.W.; Suite 700
> Washington, D.C. 20005
> (202) 742-2000; Fax: (202) 742-2098

**Counsel for DCPS:**

> Katherine G. Rodi, Esquire
> Office of the General Counsel, DCPS
> 825 North Capitol Street, N.E.; 9th Floor
> Washington, D.C. 20002

An index of names is attached hereto for the benefit of the parties. The index will permit the parties to identify specific witnesses and other relevant persons. The index is designed to be detached before release of this Decision as a public record.

## INDEX OF NAMES

| Child | A████a R████ G███████ |
|---|---|
| Child's Parent(s) (specific relationship) | Cheryl Rivas |
| Child/Parent's Representative | Marshall Lammers, Esquire |
| School System's Representative | Katherine G. Rodi |
| Special Education Coordinator | Sonya Lee, Wilson S.H.S. |
| Educational Advocate | Kevin Carter |

3

**Jurisdiction**

This hearing was conducted in accordance with the rights established under the Individuals With Disabilities Education Improvement Act of 2004 ("IDEA"), 20 U.S.C. Sections 1400 et seq., Title 34 of the Code of Federal Regulations, Part 300; Title V of the District of Columbia ("District" or "D.C.") Municipal Regulations ("DCMR"), re-promulgated on February 19, 2003; and Title 38 of the D.C. Code, Subtitle VII, Chapter 25.

**Introduction**

Petitioner is a twenty year-old student who graduated from Wilson Senior High School ("Wilson") in June 2005 and is now attending the University of the District of Columbia ("UDC"). On October 3, 2005, Petitioner filed a Due Process Complaint Notice ("Complaint") alleging that the District of Columbia Public Schools ("DCPS") failed to comply with a Hearing Officer's Decision ("HOD") and failed to provide necessary services. The due process hearing was convened on December 1, 2005. The parties' Five Day Disclosure Notices were admitted into evidence at the hearing. At the hearing, Petitioner's counsel moved for a default judgment, because DCPS failed to file a response to the Complaint. The hearing officer deferred ruling on the motion, because it was not timely filed; the issue was raised for the first time, orally, at the hearing.

**Witnesses for DCPS**

Sonya Lee, Special Education Coordinator, Wilson S.H.S.

**Witnesses for Petitioner**

Kevin Carter, Educational Advocate
Petitioner

**Findings of Fact**

1. Petitioner is a twenty year-old DCPS graduate who last attended Wilson.[1]

2. On August 29, 2005, an HOD was issued that required, *inter alia*, that DCPS convene a Multidisciplinary Team ("MDT") meeting within thirty days "to discuss an determine the amount of compensatory education the student is due and develop a compensatory education plan."[2]

---

[1] Testimony of Petitioner.
[2] Petitioner's Exhibit ("P.Exh.") No. 5 at 2.

3. DCPS did not convene an MDT meeting until November 30, 2005. At that meeting, the MDT determined that Petitioner was not entitled to compensatory education services.[3]

4. Petitioner's last Individualized Education Program ("IEP") was developed on May 4, 2004. The MDT prescribed 22.5 hours per week of specialized instruction and 90 minutes per week of counseling services.[4]

5. During the 2004-2005 school year, Petitioner received specialized instruction in two courses, conversational Spanish and U.S. Government.[5]

6. Petitioner was not placed in more courses providing specialized instruction because of his desire to graduate with his class in 2005. In order to graduate in 2005, Petitioner needed to complete several elective courses that were not taught by special education teachers.[6]

7. Petitioner graduated on June 6, 2005 with a grade point average of 2.247.[7]

8. Petitioner was unable to pass entrance examinations at UDC in the fall of 2005 and is taking three remedial courses.[8]

## Conclusions of Law

Petitioner's counsel argued that Petitioner is entitled to compensatory education, because (1) the August 29, 2005 HOD ordered DCPS to develop a compensatory education plan, and (2) Petitioner's achievement scores on his most recent psychoeducational evaluation and his failure to pass his entrance examinations at UDC demonstrate Petitioner's need for compensatory education services.

First, the HOD did not specify that Petitioner receive compensatory education services, but that the MDT should "discuss and determine the amount of compensatory education the student is due," leaving open the possibility that none was due. In fact, had the previous hearing officer determined that Petitioner was entitled to compensatory education services, he could not have legally delegated to the MDT the determination of the type and amount of such services to which Petitioner was entitled. "Under the statute, the hearing officer may not delegate his authority to a group that includes an individual specifically barred from performing the hearing officer's functions."[9] The MDT determined that Petitioner was not due any compensatory education services, because (1)

---

[3] DCPS Exh. No. 1 at 4.
[4] P.Exh. No. 22 at 1.
[5] Testimony of Ms. Lee.
[6] *Id.*
[7] DCPS Exh. No. 2.
[8] Testimony of Petitioner.
[9] *Reid v. District of Columbia*, 401 F.3d 516, 526 (D.C. 2005).

Petitioner elected not to attend counseling services, and (2) Petitioner elected to take regular education electives to assure his timely graduation rather than to avail himself of specialized instruction and delay his graduation. The hearing officer concludes that the MDT's decision not to award compensatory education did not constitute a denial of a free and appropriate public education ("FAPE"). First, Petitioner's transcript evinces his ability to perform adequately in general education courses. Second, as a nineteen year-old, Petitioner had the legal authority to decide to take electives toward graduation rather than special education courses.[10] Third, Petitioner did, in fact graduate with passing grades in general education and special education courses.

Petitioner's representatives asserted Petitioner's entitlement to 2000 hours of specialized instruction, tutorial services sufficient to allow Petitioner to pass his entrance examinations at UDC, a laptop computer, and educational software. However, Petitioner's representatives did not make a showing that would satisfy the standard set out in *Reid.* Petitioner had the burden of showing (1) that as a result of DCPS' violation of IDEA, he suffered an educational deficiency, (2) that but for the violation, he would have progressed to a certain academic level, and (3) that there exists a type and amount of compensatory education services that would bring him to the level he would have been by for DCPS' violation. Petitioner failed to make this showing. Petitioner made no showing that the MDT denied him FAPE by declining to award him compensatory education services or that he suffered any educational harm from DCPS' denial of such services. Petitioner did not prove that his low achievement scores (on his 2004 IEP) and failure to pass his entrance examinations at UDC were attributable to DCPS' failure to award him compensatory education services more than two months after graduating from high school. Moreover, Petitioner made no showing of the educational level Petitioner would have achieved but for DCPS' alleged violation, or that the compensatory education services proposed by Petitioner would bring him to that level.

Hearing officers may not award compensatory education services based solely on the amount of services DCPS failed to provide.

More specifically, as the Fourth Circuit has explained, "compensatory education involves discretionary, prospective, injunctive relief crafted by a court to remedy what might be termed an educational deficit created by an educational agency's failure over a give period of time to provide a FAPE to a student… Overlooking this equitable focus, the Reids' hour-for-hour formula in effect treats compensatory education as a form of damages – a charge on school districts equal to expenditures they should have made previously. Yet "the essence of equity jurisdiction" is "to do equity and to mould each decree to the necessities of the particular case. Flexibility rather than rigidity has distinguished it…" In keeping with that principle of case-specific flexibility, we agree with the Ninth Circuit that "there is no obligation to provide a day-for-day compensation for time missed. Appropriate relief is relief designed to ensure that the student is appropriately educated within the meaning of IDEA…"[11]

---

[10] 5 DCMR Section 3023.1(b).
[11] *Id.*, 401 F.3d at 523-24, citations omitted.

Petitioner has the burden of establishing the type and amount of compensatory services that will compensate the student for the services that were denied. Absent such a showing, any award by the hearing officer would be arbitrary.

> In every case, however, the inquiry must be fact-specific and, to accomplish IDEA's purposes, the ultimate award must be reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place.[12]

In this case, Petitioner failed to meet his burden of proving that compensatory education services were warranted.

## ORDER

Upon consideration of Petitioner's request for a due process hearing, the parties' Five Day Disclosure Notices, the testimony presented at the hearing, and the representations of the parties' counsel at the hearing, this 23rd day of December 2005, it is hereby

**ORDERED**, that Petitioner's motion for a default judgment is **DENIED.**

**IT IS FURTHER ORDERED**, that the *Complaint* is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED**, that this Order is effective immediately.

---

[12] *Id.*, 401 F.3d at 524.

**Notice of Right to Appeal Hearing Officer's Decision and Order**

This is the final administrative decision in this matter. Any party aggrieved by the findings and/or decision may bring a civil action in any state court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy, in accordance with 20 U.S.C. Section 1415(i)(2)(A) within thirty days of the entry of the Hearing Officer's Decision. [13]

Terry Michael Banks
Hearing Officer

Date:   December 23, 2005

Issued: _____

Copies to:

Marshall Lammers, Esquire
James E. Brown & Associates
1220 L Street, N.W.
Suite 700
Washington, D.C. 20005
(202) 742-2000; Fax: (202) 742-2098

Katherine G. Rodi, Esquire
Office of the General Counsel, DCPS
825 North Capitol Street, N.E.
9th Floor
Washington, D.C. 20002

---

[13] *See Amman v. Town of Stow*, 991 F.2d 929, 931(1st Cir. 1993) (since the IDEA does not set a time limit for lawsuits brought under its terms, the district court must "borrow" the most analogous statute of limitations under state law); *Spiegler v. District of Columbia*, 866 F.2d 461, 463-64 (D.C. Cir. 1989)(borrowing a 30-day limitations period for review of agency orders and applying it to an appeal from a decision under the predecessor to IDEA). In the District of Columbia, the Rules of the Board of Education do not prescribe a time limit for bringing the civil action authorized by the IDEA and the Board's Regulations, 5 D.C.M.R. Section 3032.5. The D.C. Administrative Procedures Act defers to the District of Columbia Court of Appeals to set the limitation period for filing an appeal from a final agency action. D.C. Code §2-510(a). Under the Court's rules, a petition for review of an agency order must be filed within thirty days. D.C. Ct. App. Rule 15(a).

# ATTENDANCE SHEET

Room 8115          1:13

| STUDENT'S NAME: | Angela Gregory-R████ | |
|---|---|---|
| HEARING DATE: | December 1, 2005 | |

| PRINTED NAME | ON BEHALF OF DCPS OR STUDENT | TITLE |
|---|---|---|
| Katherine G. Rodi | DCPS | atty - advisor |
| Kevin Carter | Student | Advocate |
| Dominto Hill | Student | Atty - advisor |
| Marshall Lammers | Student | Attorney |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

Impartial Hearing Officer

*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. **A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice. Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting (called a **"Resolution Session"**) with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student:   A█████ G█████y-R█████   Date of Birth: █████████, 1985

Address: ████████████████████n, DC 20010

Present School of Attendance: Wilson Senior High School (Recent Graduate)

Parent/Guardian of the Student: ____Ms. Cheryl Rivas___

**B.**     **Legal Representative/Attorney (if applicable):**

Name: ____Roxanne Neloms, Esq.____

Address: ____1220 L Street, NW, Suite 700, Washington, DC 20005____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?     **X** Yes          ☐ No

**C.**     **Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one)

☐ Charter school (name of the charter school if different from page one)_____

☐ Non-public school or residential treatment facility (name) _____

☐ Parent

**D.**     **Resolution Session Meeting Between Parent and LEA:**

**X** I wish to waive the Resolution Session Meeting.

**E.**     **Mediation Process:**

**I am requesting an administrative due process hearing only at this time.**

**F.**     **Facts and Reasons for the Complaint:**

### I.   Nature of the Problem.

1. <u>DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the August 29th, 2005 Order of the Independent Hearing Officer.</u> An administrative due process hearing was held for the student on or about June 24th, 2005. As a result of that hearing, the impartial due process hearing officer presiding over the case, continued the hearing until a later date and time. See Order dated June 28th, 2005.

   The continued administrative due process hearing took place on or about August 15th, 2005. As a result of that hearing, the impartial due process hearing officer issued a decision on August 29th, 2005, in which the District of Columbia Public Schools ("DCPS") was ordered to do, among other things, "within thirty (30) calendar days of the issuance of this Order [DCPS] shall convene a MDT meeting

2

to discuss and determine the amount of compensatory education the student is due and develop a compensatory education plan." See Order dated August 29th, 2005.

Counsel for the parent, On September 22nd, 2005, wrote to the DCPS Office of Mediation and Compliance informing them that DCPS had yet to make any attempts to comply with the Order. See Correspondence dated September 22nd, 2005. Moreover, counsel for the parent informed DCPS that the parent intended to file an administrative due process hearing complaint in the event of DCPS' noncompliance. Id. DCPS never responded. To date, well over thirty (30) days have passed and DCPS has yet to make any attempts to comply with the Order of August 29th, 2005.

2. Denial of a Free and Appropriate Public Education  - Failure to Provide the Student with his Special Education Instruction and Related Services. Compensatory education is generally defined as educational services above and beyond the services normally due a student under his state's education law. While compensatory education is not a remedy expressly identified in the IDEA courts have routinely awarded it in appropriate circumstances by exercising their authority under 20 U.S.C. § 1415 (I)(2)(B)(ii) to "grant such relief as the court determines appropriate." See Pihl v. Massachusetts Department of Education, 18 IDELR 668 (1st Cir.  1993); Burr v. Ambach, 1988-89 EHLR 441:314 (2d Cir. 1988); Lester H. by Octavia P. v. Gilhool, 16 EHLR 1354 (3d Cir. 1990); Hall v. Knott County Board of Education, 18 EDELR 192 (6th Cir. 1991); Parents of Student W v. Puyallup School District No.  3, 21IDELR 723 (9th Cir. 1994); Jefferson County Board of Education v. Green, 1987-88 EHLR 559:144 (N.D. Ala. 1987); Harris v. District of Columbia, 19 IDELR 105 (D.D.C. 1992); McManus v. Wilmette Sch. Dist. 39 Bd. Of Educ., 19 IDELR 485 (N.D. Ill. 1992); and Burlington School Committee v. Massachusetts Department of Education, 1984-85 EHLR 556:389 (1985).

Furthermore, courts have found compensatory education appropriate to make up periods when a student has been inappropriately placed or denied services. See, e.g., Manchester Sch. Dist. v. Christopher B., 20 IDELR 389 (D.N.H. 1992). The length of time of the compensatory education award commonly equals the length of the inappropriate placement or denial of services, measured in weeks, months or even years. In Manchester, the court found the student was entitled to two and one-half years of compensatory education for his being inappropriately placed for two and one-half years. Simply put, compensatory education is an appropriate remedy when a student has been denied FAPE in the past.

Here, the student, prior to his graduation from Wilson Senior High School, in June of 2005, was entitled to receive special education and its related services from DCPS.  Specifically, the student was placed at Wilson Senior High School as a result of their purported program to deal with student's with an emotional disturbance and learning disabilities. While at Wilson, the student failed to receive all of his necessary special education instruction and related services.

3

Moreover, while at Wilson, the student only had one (1) IEP develop in four (4) years.

DCPS, according to a previous settlement agreement, was to reconvene the student's MDT/IEP Meeting on or before March 15th, 2005. Unfortunately, this failed to occur. As a result an administrative due process hearing was filed on the student's behalf.

As stated earlier, several administrative hearings were held, and orders issued which required DCPS to reconvene the student's MDT/IEP Meeting to determine what amount of compensatory education, if any, the student is owed. As stated earlier, DCPS has made no attempts to comply with the Order. As a result, there has been no determination as to the correct amount of compensatory education the student is owed.

## II. Issues presented.

1. Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the August 29th, 2005, Order of the Independent Hearing Officer; and

2. Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101 and Timely Provide the Student with his Special Education Instruction and Related Services.

## III.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1. A Finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the August 29th, 2005 Order of the Independent Hearing Officer;

2. A Finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101 and Timely Provide the Student with his Special Education Instruction and Related Services.

3. DCPS, within five (5) business days, agrees to reconvene the student's MDT/IEP Meeting, with the appropriate persons present, to determine what amount of compensatory education, if any, the student is owed;

4. DCPS, forty-eight (48) hours prior to the reconvening of the MDT/IEP Meeting, agrees to fax to counsel for the parent, Roxanne Neloms or Domiento C.R. Hill,

copies of all of the student's related services logs, encounter tracking logs, and IEP Progress Reports, prior to the MDT/IEP Meeting;

5. DCPS, in the event they fail to comply with provisions three (3) and four (4) agrees to purchase, within thirty (30) calendar days, a laptop computer for the student, and software (the type of computer and software will be told to DCPS, via facsimile, by counsel for the parent) and fund two-thousand (2,000) hours of tutorial services.

6. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

7. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

8. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

9. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

10. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Roxanne Neloms, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

11. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent in this administrative

due process complaint will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA, furthermore, DCPS' failure to provide a response or prior written notice as required will result in the parent's being awarded a default judgment;

12. That DCPS, within fifteen (15) calendar days of receiving the parent's Complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

13. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

14. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

15. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student;

16. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec.101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

17. A finding that the parent is the prevailing party in this action.

## G.    Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

**H.**    **Signature:**

Roxanne Neloas (S0)                    10/1/05
Legal Representative / Advocate (if applicable)          Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

7

10/03/2005 10:28 FAX 202 742 2098          Brown & Associates          ☎001

```
          *********************
          ***   TX REPORT   ***
          *********************

  TRANSMISSION OK

  TX/RX NO              2556
  CONNECTION TEL                    92024425556
  CONNECTION ID
  ST. TIME              10/03 10:27
  USAGE T               01'10
  PGS. SENT                8
  RESULT                OK
```

## James E. Brown & Associates, PLLC
### *A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill ◦
Roberta Gambale
Miguel A. Hull
Christopher L. West
Juan J. Fernandez!

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

e-mail: Admin@Jeblaw.biz

Tilman L. Gerald
Roxanne D. Neloms
John A. Straus
Dolores Scott Mc _night
Marshall Lammer *

-----------------------
! Admitted in Bolivia On y

# FAX COVER SHEET

TO: Sharon Newsome. Scheduling Coordinator, Office of Student Hearings, DCPS

FROM: Domiento C.R. Hill, Esq. for Roxanne Neloms, Esq.

DATE:  September 30th, 2005

FAX NO: 202-442-5556

SUBJECT: A.G.R., DOB: ███/85

NUMBER OF PAGES, INCLUDING FAX COVER SHEET: 8

COMMENTS: Administrative due process complaint. Thank you for your assistance.

---

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use  the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James . . Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

17

```
                    TRANSMISSION VERIFICATION REPORT

                                        TIME  : 11/04/2005 01:19
                                        NAME  : STUDENT HEARINGS OFF
                                        FAX   : 2024425556
                                        TEL   : 2024425432
                                        SER.# : BROH3J608601


        DATE,TIME                      11/04  01:19
        FAX NO./NAME                   97422098
        DURATION                       00:00:15
        PAGE(S)                        01
        RESULT                         OK
        MODE                           STANDARD
                                       ECM
```

2005 NOV -4 PM 4:26
RECEIVED

D.C. PUBLIC SCHOOLS
LEGAL SERVICES BRANCH

## District of Columbia Public Schools
### State Enforcement & Investigation Division
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
PHONE: (202) 442-5432
FAX: (202) 442-5556



HEARING NOTICE

MEMORANDUM VIA: [X] FACSIMILE [ ] MAIL [ ] HAND DELIVERY

TO:   Parent (or Representative): _R. NELOMS_     Fax No.: _742-2098_

      LEA Legal Counsel: _K. RODI_

RE:   G███████-R████, A█████ and (LEA)  DOB: ___/85
      Student's Name

FROM: __SHARON NEWSOME__
      Special Education Student Hearing Office Coordinator

DATE SENT: ___11/4/05___

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on
_10/3/05_ . Please be advised that the hearing has been scheduled for:

      DATE: ___12/1/05___

      TIME: ___1:00 PM___

18

# JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill ◊
Roberta Gambale
Miguel A. Hull
Christopher L. West

**Attorneys at Law**
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098
e-mail: Admin@Jeblaw.biz

Juan J. Fernandez!
Tilman L. Gerald
John A. Straus
Delores Scott McKnight
Marshall Lammers

-----------------------------

-----------------------------

! Admitted in Bolivia Only

November 23, 2005

**Via Facsimile and/or Hand Delivery**
Katherine Rodi, Attorney Advisor
District of Columbia Public Schools
825 North Capitol Street, NE, 9th Floor
Washington, DC 20002

Re: Five-Day Disclosure for A█████ G██████-R███ / DOB: ███-85
    Student at Woodrow Wilson Senior High School

Dear Ms. Rodi:

For the upcoming hearing scheduled for December 1, 2005 at 1:00 p.m. or any subsequent hearing regarding this student and pursuant to 34 C.F.R. 300.509 (a)(3); Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35872 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300); and D.C. MUN. REGS. tit. 5, § 3031.2 (2003), and in addition to any documents and witnesses that the District of Columbia Public Schools ("DCPS") may disclose, the parent may rely on the following documents and witnesses:

### Witnesses

1. A█████ G██████-R███, Student;
2. Cheryl Rivas, Parent;
3. Domiento C.R. Hill, Esquire;
4. Roxanne D. Neloms, Esquire;
5. Kevin Carter or designee, Educational Advocate;
6. Donté Davis or designee, Educational Advocate; and
7. Williams Bautista or designee, Legal Assistant.

### Documents

AGR-1  Special Education Hearing Notice (11-4-05);
AGR-2  Administrative Due Process Complaint Notice (10-3-05);
AGR-3  Settlement Agreement (2-16-05);
AGR-4  Impartial Due Process Hearing Officer's Decision (6-28-05);
AGR-5  Impartial Due Process Hearing Officer's Decision (8-30-05);
AGR-6  Request for Reevaluations (3-17-05);
AGR-7  Correspondence to Office of Mediation and Compliance (5-12-05);

◊ Admitted Only in Maryland.  Practicing Pursuant to Rule 49(c)(8); Supervision by Miguel Hull and Christopher West, Members of the D.C. Bar.

19

Page Two
5-Day Disclosure for A█████ G██████-R████
November 23, 2005

AGR-8   Correspondence to Office of Mediation and Compliance (9-22-05);
AGR-9   Correspondence to Roxanne Neloms (10-6-05);
AGR-10  Correspondence to Sonya Lee (10-7-05);
AGR-11  Correspondence to Roxanne Neloms (10-12-05);
AGR-12  Correspondence to Sonya Lee (10-12-05);
AGR-13  Correspondence to Ms. Sony Lee (10-12-05);
AGR-14  Correspondence to Sonya Lee (11-8-05);
AGR-15  Correspondence to Sonya Lee (11-14-05);
AGR-16  Correspondence to Sonya Lee (11-17-05);
AGR-17  Correspondence to Sonya Lee (11-18-05);
AGR-18  Psychological Evaluation (5-23-01);
AGR-19  Speech and Language Evaluation (3-29-02);
AGR-20  Medical Examination Report (3-18-05);
AGR-21  Educational Re-Evaluation Report (4-19-05); and
AGR-22  Individualized Educational Program (5-4-04).

**\* Witnesses may testify via telephone**

Parent reserves the right to rely on any documents presented by DCPS that the parent deems relevant in this case.

Parent will object to the testimony of any expert witnesses if a curriculum vitae and/or résumé is not provided with the DCPS' 5-day disclosure.

Additionally, parent reserves the right to introduce any and all witnesses and/or documents for the purpose of impeachment and rebuttal.

If you should have any questions or wish to discuss any aspect of this case before the hearing, please contact me at (202) 742-2000.

Sincerely,

*Miguel Hull* (wb)

Miguel Hull, Esquire

MH/wb

Attachments
cc:  Sharon Newsome, Hearing Coordinator

20

# District of Columbia Public Schools
### *State Enforcement & Investigation Division*
## STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
PHONE: (202) 442-5432
FAX: (202) 442-5556

EXHIBIT
**AGR-1**



### HEARING NOTICE

| MEMORANDUM VIA: [X] FACSIMILE  [ ] MAIL  [ ] HAND DELIVERY |
|---|

**TO:**  Parent (or Representative): _R. NELOMS_          Fax No.: _742-2098_

LEA Legal Counsel: _K. RODI_

**RE:**  G~~_____~~ R~~___~~, A~~_____~~  and (LEA) DOB: ___, 85
      Student's Name

**FROM:**  SHARON NEWSOME
    Special Education Student Hearing Office Coordinator

**DATE SENT:** _11/4/05_

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on _10/3/05_. Please be advised that the hearing has been scheduled for:

    DATE: _12/1/05_

    TIME: _1:00 PM_

    AT:   825 North Capitol Street, NE, Washington, DC
           8th Floor

    ASSIGNED HEARING OFFICER: _____

[X] **THIS IS A FINAL NOTICE OF HEARING:** If you wish to request a continuance of this hearing, you must submit your request in *writing on the attached form* to the Special Education Student Hearing Office at the above address, or by fax at 202 442-5556. All decisions regarding continuances are made *exclusively* by the Hearing Officer, and cannot be made by SHO administrative staff. Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled above.

[ ] **THIS IS A PROVISIONAL NOTICE OF HEARING:** The SHO was unable to accommodate any of your proposed dates. If you are unavailable for the above date, you must inform the SHO in writing (letter or fax) that the date is unavailable and specify times during the next four business days when you are either available or unavailable for a teleconference with the Hearing Officer. If the SHO does not receive a response from you within three business days of your receiving this provisional notice, the notice becomes a final notice of hearing that may be modified with only a request for a continuance.

**Failure to appear for a properly scheduled hearing may result in dismissal of the case or a default judgment against you. Disclosure of evidence and witnesses to the opposing party is required at least <u>five business days</u> prior to the hearing with copies to the Special Education Student Hearing Office.**



*State Education Agency for the District of Columbia*
*State Enforcement and Investigation Division (SEID)*
*Special Education Programs*



# ADMINISTRATIVE DUE PROCESS COMPLAINT NOTICE

- The form is used to give notice of a due process complaint to the **District of Columbia Public Schools, District of Columbia Public Charter Schools (DCPS or LEA) and/or parents** with respect to any matter relating to the identification, evaluation, or educational placement of a child with a disability, or the provision of a free appropriate public education to that child. <u>**A party may not have a due process hearing until the party, or the attorney representing the party, files a notice that meets the requirements of the Individuals with Disabilities Education Improvement Act (IDEIA).**</u>

- The due process complaint must describe an alleged violation that occurred not more than two (2) years before the date that the parent or school system knew or should have known about the alleged action that is the basis of the complaint.

- Notice must be provided to the Student Hearing Office for the DC Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002; fax number 202/442-5556.

- <u>Unless the other party agrees, the party requesting the due process hearing shall not be allowed to raise issues at the due process hearing that are not raised in this Due Process Complaint Notice.</u> Therefore, please be thorough in providing the information requested.

- Prior to the opportunity for an impartial due process hearing, the Local Educational Agency (LEA) shall convene a meeting **(called a "Resolution Session")** with the parent(s) unless the parent(s) and the Local Educational Agency agree in writing to waive this meeting. You will be contacted by a representative of the Local Educational Agency to schedule the meeting. **The Student Hearing Office does NOT schedule resolution meetings.**

- Mediation is also available to all parties as an alternative to a resolution meeting or a Due Process Hearing.

## A.    INFORMATION ABOUT THE STUDENT:

Name of the Student: ___Angela Gregory-R_____ Date of Birth: _____th, 1985

Address: _____ DC 20010

Present School of Attendance: Wilson Senior High School (Recent Graduate)

Parent/Guardian of the Student: _____Ms. Cheryl Rivas_____

**B.**   **Legal Representative/Attorney (if applicable):**

Name: _____Roxanne Neloms, Esq._____

Address: _____1220 L Street, NW, Suite 700, Washington, DC 20005_____

Phone: (w) _202-742-2000_ (Fax) _202-742-2097_ (e-mail) _____

Will attorney / legal representative attend the resolution session?    **X** Yes        ☐ No

**C.**   **Complaint Made Against (check all that apply):**

**X** DCPS school (name of the school if different from page one)

☐ Charter    school    (name    of    the    charter    school    if    different    from    page
one)_____

☐ Non-public    school    or    residential    treatment    facility    (name)
_____

☐ Parent

**D.**   **Resolution Session Meeting Between Parent and LEA:**

**X** I wish to waive the Resolution Session Meeting.

**E.**   **Mediation Process:**

I am requesting an administrative due process hearing <u>only</u> at this time.

**F.**   **Facts and Reasons for the Complaint:**

### I. Nature of the Problem.

1. <u>DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the August 29th, 2005 Order of the Independent Hearing Officer.</u> An administrative due process hearing was held for the student on or about June 24th, 2005. As a result of that hearing, the impartial due process hearing officer presiding over the case, continued the hearing until a later date and time. See Order dated June 28th, 2005.

   The continued administrative due process hearing took place on or about August 15th, 2005. As a result of that hearing, the impartial due process hearing officer issued a decision on August 29th, 2005, in which the District of Columbia Public Schools ("DCPS") was ordered to do, among other things, "within thirty (30) calendar days of the issuance of this Order [DCPS] shall convene a MDT meeting

to discuss and determine the amount of compensatory education the student is due and develop a compensatory education plan." See Order dated August 29th, 2005.

Counsel for the parent, On September 22nd, 2005, wrote to the DCPS Office of Mediation and Compliance informing them that DCPS had yet to make any attempts to comply with the Order. See Correspondence dated September 22nd, 2005. Moreover, counsel for the parent informed DCPS that the parent intended to file an administrative due process complaint in the event of DCPS' noncompliance. Id. DCPS never responded. To date, well over thirty (30) days have passed and DCPS has yet to make any attempts to comply with the Order of August 29th, 2005.

2. Denial of a Free and Appropriate Public Education  - Failure to Provide the Student with his Special Education Instruction and Related Services. Compensatory education is generally defined as educational services above and beyond the services normally due a student under his state's education law. While compensatory education is not a remedy expressly identified in the IDEA courts have routinely awarded it in appropriate circumstances by exercising their authority under 20 U.S.C. § 1415 (I)(2)(B)(ii) to "grant such relief as the court determines appropriate." See Pihl v. Massachusetts Department of Education, 18 IDELR 668 (1st Cir. 1993); Burr v. Ambach, 1988-89 EHLR 441:314 (2d Cir. 1988); Lester H. by Octavia P. v. Gilhool, 16 EHLR 1354 (3d Cir. 1990); Hall v. Knott County Board of Education, 18 EDELR 192 (6th Cir. 1991); Parents of Student W v. Puyallup School District No.  3, 21IDELR 723 (9th Cir. 1994); Jefferson County Board of Education v. Green, 1987-88 EHLR 559:144 (N.D. Ala. 1987); Harris v. District of Columbia, 19 IDELR 105 (D.D.C. 1992); McManus v. Wilmette Sch. Dist. 39 Bd. Of Educ., 19 IDELR 485 (N.D. Ill. 1992); and Burlington School Committee v. Massachusetts Department of Education, 1984-85 EHLR 556:389 (1985).

Furthermore, courts have found compensatory education appropriate to make up periods when a student has been inappropriately placed or denied services. See, e.g., Manchester Sch. Dist. v. Christopher B., 20 IDELR 389 (D.N.H. 1992). The length of time of the compensatory education award commonly equals the length of the inappropriate placement or denial of services, measured in weeks, months or even years. In Manchester, the court found the student was entitled to two and one-half years of compensatory education for his being inappropriately placed for two and one-half years. Simply put, compensatory education is an appropriate remedy when a student has been denied FAPE in the past.

Here, the student, prior to his graduation from Wilson Senior High School, in June of 2005, was entitled to receive special education and its related services from DCPS. Specifically, the student was placed at Wilson Senior High School as a result of their purported program to deal with student's with an emotional disturbance and learning disabilities. While at Wilson, the student failed to receive all of his necessary special education instruction and related services.

3

Moreover, while at Wilson, the student only had one (1) IEP develop in four (4) years.

DCPS, according to a previous settlement agreement, was to reconvene the student's MDT/IEP Meeting on or before March 15th, 2005. Unfortunately, this failed to occur. As a result an administrative due process hearing was filed on the student's behalf.

As stated earlier, several administrative hearings were held, and orders issued which required DCPS to reconvene the student's MDT/IEP Meeting to determine what amount of compensatory education, if any, the student is owed. As stated earlier, DCPS has made no attempts to comply with the Order. As a result, there has been no determination as to the correct amount of compensatory education the student is owed.

### II. Issues presented.

1. Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the August 29th, 2005, Order of the Independent Hearing Officer; and

2. Whether or Not DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101 and Timely Provide the Student with his Special Education Instruction and Related Services.

### III.    Relief Sought.

**WHEREFORE**, the parent, by and through counsel, hereby requests the following relief:

1. A Finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the August 29th, 2005 Order of the Independent Hearing Officer;

2. A Finding that DCPS Denied the Student with a Free and Appropriate Public Education by Failing to Comply with the Individuals with Disabilities Education Improvement Act (2004) Pub. L. No. 108-446 Sec. 101 and Timely Provide the Student with his Special Education Instruction and Related Services.

3. DCPS, within five (5) business days, agrees to reconvene the student's MDT/IEP Meeting, with the appropriate persons present, to determine what amount of compensatory education, if any, the student is owed;

4. DCPS, forty-eight (48) hours prior to the reconvening of the MDT/IEP Meeting, agrees to fax to counsel for the parent, Roxanne Neloms or Domiento C.R. Hill,

copies of all of the student's related services logs, encounter tracking logs, and IEP Progress Reports, prior to the MDT/IEP Meeting;

5. DCPS, in the event they fail to comply with provisions three (3) and four (4) agrees to purchase, within thirty (30) calendar days, a laptop computer for the student, and software (the type of computer and software will be told to DCPS, via facsimile, by counsel for the parent) and fund two-thousand (2,000) hours of tutorial services.

6. Provide the student with a due process hearing within 20 calendar days of a request on any issue arising out of the noncompliance with the DCPS' obligation hereunder, or any disagreement with the assessment, programming or placement the parent may have;

7. In the event that the DCPS shall fail to comply with the terms herein, then under the Conciliation Agreement, the parents shall have the authority to use self help without further notice to the DCPS, and initiate an IEP with the DCPS' invited participation, and unilateral placement in an interim school or educational program until such time the DCPS can come into compliance and properly assess, program and/or participate;

8. The DCPS shall ensure that this student has available a Free and Appropriate Public Education including special education, transportation (5 DCMR 3000.3), and Other related services as are defined at 34 C.F.R. 300.7; Assistance to States for the Education of Children with Disabilities, 70 Fed. Reg. 35782, 35836 (June 21, 2005) (to be codified at 34 C.F.R. pt. 300), designed to meet this student's unique needs and preparation for employment and independent living;

9. Send all notices to counsel for the parent with copies of such to the parent and in the parent's native language;

10. That DCPS within ten (10) calendar days of the filing of this complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(B), provide the parents' representative, Roxanne Neloms, Esq., via facsimile, at 202-742-2097 or 202-742-2098, the following: i) an explanation of why DCPS proposed or refused to take the action raised in the complaint; ii) a description of other options that the IEP team considered and the reasons why those options were rejected, iii) a description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and iv) a description of the other factors that are relevant to the agency's proposed or refused action;

11. That DCPS, in the event they fail to answer/respond to the issues alleged in the parent's administrative due process hearing complaint, within ten (10) calendar days, the arguments and facts as averred by the parent in this administrative

due process complaint will be deemed true and accurate and act as a waiver, on the part of DCPS, for their desire to have a Resolution Session Meeting, and the parent's administrative due process hearing will be scheduled pursuant to the applicable timelines contained in the IDEIA, furthermore, DCPS' failure to provide a response or prior written notice as required will result in the parent's being awarded a default judgment;

12. That DCPS, within fifteen (15) calendar days of receiving the parent's Complaint, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), respond to the parent's request alleging any insufficiency of notice;

13. That DCPS' failure to comply with the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(c)(2)(C), and allege any insufficiency of the parent's administrative due process complaint, will constitute waiver on the part of DCPS to make such argument at any later date and time;

14. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), within fifteen (15) calendar days of receiving the parent's administrative due process complaint, shall contact the parent's representative, in writing, via facsimile, at 202-742-2097 or 202-742-2098, to schedule and convene a Resolution Session Meeting;

15. That DCPS, pursuant to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec. 101, § 615(f)(1)(B), convene the Resolution Session Meeting, with the parent, the parent's representative, and all necessary/relevant members of the student's MDT/IEP Team that have specific knowledge about the child and the facts contained in the complaint. That the relevant members of the MDT/IEP Team that shall be present at the Resolution Session Meeting for the student;

16. That DCPS' failure to timely schedule and convene the Resolution Session Meeting within the timeframe identified according to the Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, Sec.101, § 615(f)(1)(B) constitute joint waiver between DCPS and the parent to have such meeting and the forty-five (45) days timeline to schedule the student's administrative due process hearing and receive a timely decision will begin to run upon written notice, via facsimile, at 202-442-5556, to the DCPS Office of Student Hearings, by the parent's counsel; and

17. A finding that the parent is the prevailing party in this action.

## G.  Accommodations and Assistance Needed:

Please list any special accommodations you may require for a Resolution Session Meeting/Mediation Conference/Due Process Hearing.

H.     **Signature:**

_Roxanne Nelales (SU)_       10/1/05
Legal Representative / Advocate (if applicable)     Date

**Mail, fax or deliver this complaint notice to:**
**State Enforcement and Investigation Division**
**For Special Education Programs (SEID)**
**Student Hearing Office (SHO)**
**825 North Capitol Street, NE, 8th Floor**
**Washington, DC 20002**
**Fax number: 202/442-5556**

10/03/2005 10:28 FAX 202 742 2098     Brown & Associates     ☒001

```
                        ********************
                    ***   TX REPORT   ***
                        ********************


        TRANSMISSION OK

        TX/RX NO              2556
        CONNECTION TEL                  92024425556
        CONNECTION ID
        ST. TIME             10/03 10:27
        USAGE T              01'10
        PGS. SENT            8
        RESULT               OK
```

## James E. Brown & Associates, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Tilman L. Gerald |
| Domiento C.R. Hill | 1220 L Street, NW | Roxanne D. Neloms |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Dolores Scott Mc night |
| Christopher L. West | Telephone: (202) 742-2000 | Marshall Lammer |
| Juan J. Fernandez! | Facsimile: (202) 742-2098 | |

e-mail: Admin@Jeblaw.biz

! Admitted in Bolivia O y

# *FAX COVER SHEET*

TO: Sharon Newsome. Scheduling Coordinator, Office of Student Hearings, DCPS

FROM: Domiento C.R. Hill, Esq. for Roxanne Neloms, Esq.

DATE:   September 30th, 2005

FAX NO: 202-442-5556

SUBJECT: A.G.R., DOB: ████/85

NUMBER OF PAGES, INCLUDING FAX COVER SHEET: 8

COMMENTS: Administrative due process complaint. Thank you for your assistance.

**STATEMENT OF CONFIDENTIALITY:**
The information contained in this electronic message and any attachments to this message are intended for the exclusive use   the addressee(s) and may contain confidential or privileged information. If you are not the intended recipient, please notify James . . Brown and Associates, PLLC immediately at (202) 742-2000, and destroy all copies of this message and any attachments.

29

EXHIBIT

AGR-3

ALL-STATE LEGAL

# JAMES E. BROWN & ASSOCIATES, PLLC

**A Professional Limited Liability Company**
Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

James E. Brown
Domiento C.R. Hill*Δ
Brenda McAllister*Δ
Roberta Gambale
Miguel A. Hull

Christopher L. West♦◊
Juan J. Fernandez!
Christina C. Busso
Roxanne D. Nelonms

* Admitted in Maryland Only
♦ Admitted in New York Only

Δ Member of the DC Federal Bar
! Admitted in Bolivia Only

February 15th, 2005

Via Facsimile Only
Michael Levy, Attorney Advisor
Office of the General Counsel
District of Columbia Public Schools
825 North Capitol Street, NE Eighth Floor
Washington, DC 20002

Re:             Angela Gregory-Rivas
DOB:            November 4, 1985
Attending School:    Wilson Senior High School
Home School:        Cardozo Senior High School

Dear Mr. Levy:

In lieu of the formal Due Process Hearing presently in the above-referenced matter, scheduled for Wednesday, February 16th, 2005, at 3:00 P.M., the District of Columbia Public Schools ("DCPS") agrees to the following:

1. Student/Parent/Counsel verifies that the student is a resident of the District of Columbia, has established residency, and has registered as attending or non-attending at the local school. If DCPS becomes aware subsequently to the executions of this settlement agreement that residency and/or registration has not been completed and/or established than any DCPS obligations under this agreement will not be completed until proof of registration and/or residency is provided to DCPS.

2. The student/parent/counsel verifies that the student's date of birth is November 4th, 1985, and that the student's attending school is Wilson Senior High School and home school is Cardozo Senior High School.

♦ "Practice is limited solely to matters before the District of Columbia Public Schools' Office of Student Hearings under the District of Columbia Court of Appeals Rule 49(c)(5)."

30

3. Student/parent/counsel agrees to cooperate fully with DCPS in the implementation of the terms of this settlement agreement. Any delay caused by the unavailability of the student, parent, or advocate as it pertains to testing, meeting dates, or compliance with the terms of this agreement will toll any deadlines herein by one day for each day of delay.

4. DCPS, within ~~fifteen (15)~~ *twenty 20* school days, agrees to reconvene the student's ELMDT/IEP Meeting to review all outstanding evaluations, revise and update the student's IEP, discuss compensatory education, placement, and discuss and determine the transfer of the student's rights.

5. DCPS, if the student is found ineligible to receive special education and its related services, agrees to issue a Notice of Ineligibility for the student.

6. All meetings will be scheduled through the parent's counsel, the Law Offices of James E. Brown & Associates, PLLC, in writing, via facsimile, at 202-742-2097.

7. Both parties agree that execution of the agreement will occur when the signature of both parties has been affixed below and counsel of DCPS has received transmittal of the signed agreement.

8. If for some reason the DCPS is unable to comply with this agreement as a result of unforeseen circumstances beyond its control, DCPS will request that student/parent/counsel agree to extend the deadlines or negotiate new timelines, whichever appropriate. Student/Parent/counsel will not unreasonably deny any such request for extension/renegotiation.

9. Student/Parent/Counsel agrees to contact the DCPS Office of Mediation and Compliance if there has been a failure to comply with the terms incorporated in this agreement in order to bring the case into compliance prior to filing a hearing request alleging DCPS' failure to comply.

10. This agreement is in full satisfaction and settlement of all claims contained in the pending hearing request, and including all claims the parent now asserts or could have asserted as of the date of this agreement.

2

6 "Practice is limited solely to matters before the District of Columbia Public Schools' Office of Student Hearings under the District of Columbia Court of Appeals Rule 49(c)(5)."

11. DCPS agrees to pay counsel for the Student/Parent reasonable attorney's fees in an amount not to exceed Four Thousand Dollars and Zero Cents ($4,000.00), not including educational advocate or expert witness fees, as full payment of attorney fees and related costs incurred in this matter.

    If you agree to the terms of this settlement agreement proposal, please sign it, fax it attention to Roxanne D. Neloms, to 202-742-2097 or 202-742-2098. If you would like to discuss the case prior to the hearing, please call Roxanne D. Neloms at 202-742-2000.

Respectfully,

Roxanne D. Neloms, Esq.

Agreed to: _____    Date: 2/16/05

Michael Levy, Esq.
DCPS Attorney Advisor

Cc: Domiento C. R. Hill, Esq.
    File

3

◊ "Practice is limited solely to matters before the District of Columbia Public Schools' Office of Student Hearings under the District of Columbia Court of Appeals Rule 49(c)(5)."

# JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill*◊Δ
Brenda McAllister*◊Δ
Roberta Gambale
Miguel A. Hull

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

Christopher L. West♦◊
Juan J. Fernandez!◊
Christina Busso
Tilman Gerald
Roxanne Neloms
John Strauss

---------------------------------

* Admitted in Maryland Only
♦ Admitted in New York Only
! Admitted in Bolivia Only

---------------------------------

● Admitted in Mass. Only
Δ Member of the DC Federal Bar

February 17th, 2005

<u>Via Facsimile Only</u>
Sharon Newsome, Scheduling Coordinator
Office of Student Hearings
District of Columbia Public Schools
825 North Capitol Street, NE Eighth Floor
Washington, DC 20002

Re:  A█████ G██████-R█████
DOB:  ████████████, 1985

Ms. Newsome:

The parent, by and through counsel, pursuant to the terms of the attached settlement agreement, hereby voluntarily withdraws, without prejudice, the current and outstanding hearing request scheduled to take place on Thursday, February 17th, 2005, at 11:00 A.M. If I can be of any further assistance, please do not hesitate to contact me directly at 202-742-2000.

Respectfully,

Roxanne D. Neloms, Esq.

Cc:  Michael Levy, Attorney Advisor, DCPS
     Domiento C.R. Hill, Esq.
     File

---

◊ "Practice is limited solely to matters before the District of Columbia Public Schools' Office of Student Hearings under the District of Columbia Court of Appeals Rule 49(c)(5)."

33

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO                0830
CONNECTION TEL
SUBADDRESS                   92024425556
CONNECTION ID
ST. TIME            02/17 08:24
USAGE T             00'42
PGS. SENT              5
RESULT              OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill*◊△
Brenda McAllister*◊△
Roberta Gambale
Miguel A. Hull

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

Christopher L. West◆◊
Juan J. Fernandez!
Christina R. Busso
Tilman Gerald
Roxanne Neloms
John Strauss

---

* Admitted in Maryland Only
✦ Admitted in New York Only
! Admitted in Bolivia Only

● Admitted in Mass. Only
△ Member of the DC Federal Bar

---

# FAX COVER SHEET

**DATE:**      February 17th, 2005

**TO:**      Sharon Newsome, Scheduling Coordinator, Office of Student Hearings, DCPS

**FAX NO.:**    202-442-5556

**RE:**      A.G.R., DOB: ▓▓▓85

**FROM:**    Domiento C.R. Hill, Esq.

**NUMBER OF PAGES INCLUDING COVER SHEET: 5**

**COMMENT:** Executed settlement agreement and withdrawal. Thank you for your assistance.

🗹001

```
***********************
***    TX REPORT    ***
***********************

TRANSMISSION OK

TX/RX NO
CONNECTION TEL          0831
SUBADDRESS                        92024425097
CONNECTION ID
ST. TIME                02/17 08:26
USAGE T                 00'52
PGS. SENT                   6
RESULT                  OK
```

# JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

James E. Brown
Domiento C.R. Hill*◊Δ
Brenda McAllister*◊Δ
Robert Gambale
Miguel A. Hull

Attorneys at Law
1220 L Street, NW
Suite 700
Washington, DC 20005
Telephone: (202) 742-2000
Facsimile: (202) 742-2098

Christopher L. West●◊
Juan J. Fernandez!
Christina R. Busso
Tilman Gerald
Roxanne Neloms
John Strauss

---

\* Admitted in Maryland Only
◊ Admitted in New York Only
! Admitted in Bolivia Only

● Admitted in Mass. Only
Δ Member of the DC Federal Bar

---

# FAX COVER SHEET

DATE:        February 17th, 2005

TO:          Michael Levy, Attorney Advisor, DCPS

FAX NO.:     202-442-5097/5098

RE:          A.G.R., DOB: 1▮▮85

FROM:        Domiento C.R. Hill, Esq.

NUMBER OF PAGES INCLUDING COVER SHEET: 6

COMMENT: Executed settlement agreement and withdrawal. Thank you for your assistance.

02/15/2005 13:10 FAX 202 742 2098          Brown & Associates          ☑001

```
        ********************
        ***   TX REPORT   ***
        ********************


    TRANSMISSION OK

    TX/RX NO              1612
    CONNECTION TEL                 92024425098
    CONNECTION ID         OFF.OF GENERAL C
    ST. TIME             02/15 13:09
    USAGE T              00'36
    PGS. SENT                4
    RESULT               OK
```

## JAMES E. BROWN & ASSOCIATES, PLLC
### *A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Christopher L. West♦◊ |
| Domiento C.R. Hill*◊△ | 1220 L Street, NW | Juan J. Fernandez! |
| Brenda McAllister*◊△ | Suite 700 | Christina R. Busso |
| Roberta Gambale | Washington, DC 20005 | Tilman Gerald |
| Miguel A. Hull | Telephone: (202) 742-2000 | Roxanne Nelomns |
| | Facsimile: (202) 742-2098 | John Strauss |

---

* Admitted in Maryland Only
♦ Admitted in New York Only
! Admitted in Bolivia Only

■ Admitted in Mass. Only
△ Member of the DC Federal Bar

# FAX COVER SHEET

**DATE:**      February 15th, 2005

**TO:**        Michael Levy, Attorney Advisor, DCPS

**FAX NO.:**   202-442-5097/5098

**RE:**        A.G.R., DOB: ████/85

**FROM:**      Domiento C.R. Hill, Esq.

**NUMBER OF PAGES INCLUDING COVER SHEET: 4**

**COMMENT:** Proposed settlement agreement.  Please sign and send back. Thank you for your assistance.

36

06/29/2005  15:07    2024425556          STUDENT HEARINGS OFF          PAGE  02/06

(In the Matter of AG-R   DOB: ███/85   HOD: June 28, 2005)

EXHIBIT
AGR-4

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### State Enforcement and Investigation Division
#### CONFIDENTIAL
#### Coles B. Ruff, Jr., Due Process Hearing Officer

In the Matter of A██████ G██████ R████, )       **IMPARTIAL DUE PROCESS**
Date of Birth: █████████, 1985 )
)                                              **HEARING OFFICER'S DECISION**
)
          Petitioner (Student), )              Hearing Date: June 24, 2005
)
        v. )
)                                              Held at: 825 North Capitol St. NE
District of Columbia Public Schools )                    Washington, DC
("DCPS" or "District") )
Attending School: Wilson SHS )
          Respondent. )
)

2005 JUN 28 PM 4: 08  DC PUBLIC SCHOOL SYSTEM

Hearing Participants:
Counsel for Student:

                                               Domiento C.R. Hill, Esq.
                                               Roberta Gambale, Esq.
                                               1220 L Street NW  #700
                                               Washington DC  20002

Counsel for DCPS:

                                               Katherine Rodi, Esq.
                                               Office of General Counsel
                                               825 North Capitol St. NE
                                               Washington, DC  20002

## INTRODUCTION:

A Due Process Hearing was convened on June 24, 2005, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002. The hearing was held pursuant to a hearing request submitted by the counsel for the student filed May 18, 2005.

## JURISDICATION:

The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The student's counsel waived a formal reading of the due process rights.

1

(In the Matter of AG-R    DOB: ████85   HOD: June 28, 2005)

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel and documents contained in the parties' disclosure statements, which were admitted into the record.

DCPS moved for the matter to be dismissed based on the student's recent graduation and receipt of a high school diploma in June 2005.   The student's counsel submitted case law in opposition to the motion.

## FINDINGS OF FACT:

DCPS and the student's counsel entered a settlement agreement on February 16, 2005. Among other things, DCPS agreed to convene, within twenty (20) school days of executing the agreement, a MDT/IEP meeting to review the student's evaluations, revise and update the student's IEP and discuss compensatory education, placement and discuss the student's transfer of rights.  (AGR 4)

On May 18, 2005, the student's counsel filed a hearing request asserting DCPS had failed to comply with the settlement agreement, and amended the hearing request on June 14, 2005.  (AGR 2, 3)

The student graduated with his class on June 6, 2005, from Wilson Senior High School with a high school diploma. (DCPS 1)

The Hearing Officer considered DCPS' motion for the hearing request to be dismissed based on the student's graduation and hereby issues the following:

## ORDER:

1.  The due process hearing is this matter is hereby continued to a date to be set by the DCPS Student Hearing Office for adjudication of the issues raised in the hearing request.
2.  Because the underlying issues in this case are related to transfer of rights and compensatory education due the student, the student's presence at the hearing is required.

## APPEAL PROCESS:

Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

Coles B. Ruff, Esq.
**Hearing Officer**
**Date: June 28, 2005**

Issued:  6-28-05

2

(In the Matter of AG-R  DOB: ▓▓85  HOD: June 28, 2005)

## MATTER OF A▓▓ R▓▓-G▓▓ V. DCPS

### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| A R-G 1-14 | Parent's Disclosures | Yes |
| DCPS 1 | DCPS Disclosures | Yes |
| | | |
| | | |
| | | |
| | * A detailed list of the documents disclosed is contained in the parties' disclosure notices | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

3

(In the Matter of AG-R   DOB;      85   HOD: June 28, 2005)

## In the MATTER OF A____ G____-R____ V. DCPS

### RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|------|-------------|
| 5/18/05 | Request for Due Process |
| | Notice of Pre-Hearing Conference (as applicable) |
| 5/19/05 | Notice of Due Process Hearing |
| | SETS Disposition Form |
| | Transcripts or audio tapes of hearing |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

4

06/29/2005  15:07    2024425556                STUDENT HEARINGS OFF                    PAGE  06/06

(In the Matter of AG-R  DOB: ████85  HOD: June 28, 2005)

# INDEX OF NAMES

## In the MATTER OF A████ G█████-R████ V. DCPS

| | |
|---|---|
| Assistant Superintendent, Special Education (or Director) | |
| Special Education Teacher | |
| School Psychologist | |
| Regular Education Teacher | |
| Principal | |
| Speech/Language Therapist | |
| Occupational Therapist | |
| Physical Therapist | |
| Private Psychologist | |
| Child and Child's DCPS ID # or SSN (insert ID # or Case Number on each page of the HOD vice child's name) | |
| Child's Parent(s) (specific relationship) | |
| Child/Parent's Representative | Domiento C.R. Hill, Esq. Roberta Gambale, Esq. |
| School System's Representative | Katherine Rodi, Esq. |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

5

08/30/2005  14:37    2024425556          STUDENT HEARINGS OFF            PAGE  02/09

(In the Matter of AG-R  DOB: ⬛85  HOD: August 29, 2005)

**EXHIBIT**

**AGR-5**

ALL-STATE LEGAL®

# DISTRICT OF COLUMBIA PUBLIC SCHOOLS
## *State Enforcement and Investigation Division*
### CONFIDENTIAL
### Coles B. Ruff, Jr., Due Process Hearing Officer

| | |
|---|---|
| In the Matter of A⬛ G⬛-R⬛  )<br>Date of Birth: ⬛, 1985      )<br> )<br> )<br>Petitioner (Student),      )<br> )<br>v.            )<br> )<br>District of Columbia Public Schools  )<br>("DCPS" or "District")       )<br>Attending School: Wilson SHS   )<br>Respondent.    )<br>_____ )<br> ) | **IMPARTIAL DUE PROCESS**<br><br>**HEARING OFFICER'S DECISION**<br><br>Hearing Date: August 15, 2005<br><br>Held at: 825 North Capitol St. NE<br>Washington, DC |

Hearing Participants:
Counsel for Student:

Domiento C.R. Hill, Esq.
Roberta Gambale, Esq.
1220 L Street NW  #700
Washington DC  20002

Counsel for DCPS:

Katherine Rodi, Esq.
Office of General Counsel
825 North Capitol St. NE
Washington, DC  20002

## INTRODUCTION:

A Due Process Hearing was convened on August 15, 2005, at the headquarters of the District of Columbia Public Schools, 825 North Capitol Street, NE, Washington, DC 20002. The hearing was held pursuant to a hearing request submitted by the counsel for the student filed May 18, 2005.

## JURISDICATION:

The hearing was conducted and this decision was written pursuant to the *Individuals with Disabilities Act* (I.D.E.A.), P.L. 101-476, as amended by P.L. 105-17, the Rules of the Board of Education of the District of Columbia and the DC Appropriations Act, Section 145, effective October 21, 1998.

## DUE PROCESS RIGHTS:

The student's counsel waived a formal reading of the due process rights.

1

(In the Matter of AG-R   DOB: ▬▬85   HOD: August 29, 2005)

## SUMMARY OF THE RELEVANT EVIDENCE:

The Hearing Officer considered the representations made on the record by each counsel and documents contained in the parties' disclosure statements, which were admitted into the record.

DCPS moved for the matter to be dismissed based on the student's recent graduation and receipt of a high school diploma in June 2005.   The student's counsel submitted case law in opposition to the motion.

## FINDINGS OF FACT:

The student has been determined to eligible for special education and related services with disability classifications of emotional disturbance and learning disabled.  The student's 2004 individualized educational program prescribed the following weekly services:  22.5 hours of specialized instruction and 1.5 hours of counseling.  The student is currently nineteen.  (AGR 12)

DCPS and the student's counsel entered a settlement agreement on February 16, 2005. Among other things, DCPS agreed to convene, within twenty (20) school days of executing the agreement, a MDT/IEP meeting to review the student's evaluations, revise and update the student's IEP and discuss compensatory education, placement and discuss the student's transfer of rights. (AGR 4)

A DCPS evaluator attempted to conduct a psycho-education of the student evaluation pursuant to a previous agreement.  However, the student was absent from school when the attempts were made.  The evaluations were never conducted.  There was MDT meeting held for the student on March 24, 2005.  The parent was present at the meeting. However, parent's counsel was not present.  There was no discussion of compensatory education at the meeting.  (Ms. Lee's testimony)

The student graduated with his class on June 6, 2005, from Wilson Senior High School with a high school diploma. (DCPS 1)

The student intends to enroll at the University of the District of Columbia (UDC) in September 2005.  The student desires tutoring services that would assist him in being successful at UDC. (Student's testimony)

## ISSUE(S):

Are the student rights under IDEA terminated with his graduation from High School in June 2005?

Did DCPS deny the student FAPE by failing to comply with the February 2005 settlement agreement and discuss compensatory education at the MDT/IEP meeting?

2

(In the Matter of AG-R  DOB: ▇▇/85  HOD: August 29, 2005)

## CONTENTIONS OF THE PARTIES:

DCPS counsel asserted the following:

1. The student had the option of not graduating.
2. By the student accepting the diploma he has ended his services.
3. Under IDEA the student is not entitled to services once he has graduated.

The student's counsel asserted the following:

1. The settlement agreement requires that the MDT meeting be scheduled through parent's counsel.
2. If the MDT meeting was held the student was not adequately represented.
3. The last time the student was tested he was reading on a forth grade level.
4. Although the student graduated he is due the services that he missed.
5. The remedy is not precluded by age or graduation.

## CONCLUSIONS OF LAW:

Pursuant to 5 DCMR 3030.3 DCPS bears the burden of proof, based solely upon the evidence and testimony presented at the hearing, that the action or proposed placement is adequate to meet the educational needs of the student.

1. Are the student rights under IDEA terminated with his graduation from High School in June 2005? Conclusion: DCPS did not sustain its burden of proof. The Hearing Officer is convinced after review of the case law presented by student's counsel that the student's right to compensatory education are not terminated by his graduation from high school.

In Karl Pihl v. Massachusetts DOE 20 IDELR 668, the First Circuit, citing the US Supreme Court in Zobrest v. Catalina Foothills School District 113 S. Ct. 2464, 246 (1993), stated "...a student's claim under the IDEA for reimbursement for services presented a live controversy, notwithstanding the fact that he had graduated from high school, and therefore, was no longer eligible for services under the Act. Even before Zobrest, a number of circuits had held that a student who was deprived of services to which he was entitled under the IDEA has a right to a remedy, in the form of compensatory education, regardless of his eligibility for current or future services under the act."

2. Did DCPS deny the student FAPE by failing to comply with the February 2005 settlement agreement and discuss compensatory education at the MDT/IEP meeting?

Conclusion: DCPS did not sustain its burden of proof. The settlement agreement reached by the parties explicitly required the MDT to discuss compensatory education at the MDT meeting. DCPS' witness clearly indicated there was no such discussion at the meeting.

3

44

(In the Matter of AG-R  DOB: ███/85  HOD: August 29, 2005)

**ORDER:**

1. Within thirty (30) calendar days of the issuance of this Order DCPS shall convene a MDT meeting to discuss and determine the amount of compensatory education the student is due and develop a compensatory education plan.

2. The MDT meeting shall be scheduled through student's counsel.

3. The student shall attend the MDT meeting when it is held.

4. DCPS will be given a day for a day extension of any of the prescribed time frames in this Order for any delay caused by the student and/or their representative(s).

**APPEAL PROCESS:**

This is a final decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 30 days of the rendering of this decision.

**Coles B. Ruff, Esq.**
**Hearing Officer**
**Date: August 29, 2005**

Issued: _____

4

08/30/2005  14:37    2024425556        STUDENT HEARINGS OFF        PAGE  05/09

(In the Matter of   DOB:  HOD: August   2005)

## APPEAL PROCESS:

This is the final administrative decision in this matter. Appeals on legal grounds
may be made to a court of competent jurisdiction within 30 days of the rendering of this
decision.

**Coles B. Ruff, Esq.**
**Hearing Officer**
**Date: August   , 2005**

Issued: _08-30-05_

08/30/2005  14:37    2024425556                STUDENT HEARINGS OFF              PAGE  07/09

(In the Matter of AG-R  DOB: ████85  HOD: August 29, 2005)


## MATTER OF A███ G███████-Ri███ V. DCPS


### INDEX OF EXHIBITS

| EXHIBIT # | IDENTIFICATION | ADMITTED |
|---|---|---|
| AGR 1-14 | Parent's Disclosures | Yes |
| DCPS 1 | DCPS Disclosures | Yes |
|  |  |  |
|  |  |  |
|  |  |  |
|  | * A detailed list of the documents disclosed is contained in the parties' disclosure notices |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

5

08/30/2005  14:37    2024425556                    STUDENT HEARINGS OFF                    PAGE  08/09

(In the Matter of AO-R   DOB: ____85   HOD: August 29, 2005)

## In the MATTER OF A_____ G_____ R____ V. DCPS

### RECORD OF PROCEEDING

| DATE | DESCRIPTION |
|---|---|
| 5/18/05 | Request for Due Process |
|  | Notice of Pre-Hearing Conference (as applicable) |
| 5/19/05 | Notice of Due Process Hearing |
|  | SETS Disposition Form |
|  | Transcripts or audio tapes of hearing |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |