UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ANGELO GREGORY-RIVAS** )<br>**Plaintiff** )<br>       **v.** )<br> )<br> )<br>**DISTRICT OF COLUMBIA** )<br> )<br> )<br>**Defendants** ) | Civil Action No: 06-00563(HHK) |

## STATEMENT OF MATERIAL FACTS

1. That Angelo Gregory-Rivas (hereinafter referred to as "Angelo.") spent five years as a special education student within the District of Columbia Public School System (hereinafter the "Defendant"), identified as learning disabled and emotionally disturbed. *See Complaint ¶ at 8.*

2. That in a November 2004 administrative due process hearing request, Counsel for Angelo alleged that, among other things, Angelo had been denied access to a free and appropriate education because DCPS failed to convene a manifestation determination meeting prior to expulsion, failed to convene annually to review Angelo's IEP, and failed to transfer the his's rights upon the age of majority. *See Compl. ¶ at 10.*

3. That in lieu of a hearing DCPS entered into a settlement agreement with the parent, whereby, the DCPS agreed to convene a MDT meeting within thirty days (30) to review and revise the Angelo's Behavior Intervention Plan and IEP, and discuss the student's transfer of rights. *See Compl. ¶ 11.*

4. That DCPS failed to honor the December 2004 Settlement Agreement, and another administrative due process hearing request had been filed alleging the denial of FAPE. *See Compl. ¶ 12.*

5. That in addition to requesting DCPS comply with the settlement agreement, the parent requested compensatory education services be provided to Angelo and that his outstanding evaluations be reviewed. *See Compl. ¶ 13*.

6. That once again in lieu of a hearing, the parties entered into a settlement agreement whereby DCPS agreed to convene a MDT meeting within twenty schools days (20) to review the student's outstanding evaluations, revise and update the student's IEP, discuss compensatory education, placement, and discuss and determine the student's transfer rights. *See Compl. ¶ 14 and the Exhibit previously attached.*

7. That the May 2004 IEP provided that Angelo receive twenty-two and one-half hours (22.5) of specialized instruction in the areas of reading/English, mathematics, writing, social emotional, transition, and receptive/expressive language skills. and one and one-half hours (1.5) of counseling. *See Administrative Record at 114*.

8. That Angelo expressed his desire to attend college. *See AR. at 128.*

9. The May 2004 IEP noted that Angelo was on the diploma track and that a transition plan would be developed after a vocational evaluation was completed. *See AR. at 114-132*.

10. That the IEP further provided for accommodations and modifications as extended time; small classroom and group; pre-written notes and the use of a calculator. *See AR. at 127*.

11. That the team did not review any IEP report cards or services related logs at anytime. *Id. at 114-132.*

12. That another administrative due process hearing request was filed in May 2005 alleging that the Defendant failed to convene a MDT meeting in accordance with the February 2005 settlement agreement whereby, DCPS agreed to discuss, among other things, compensatory services, and its failure to reevaluate. *See Compl. ¶ 21 and Exhibit previously attached.*

13. That counsel for Angelo submitted an amended administrative due process hearing request alleging that because the student had not received specialized instruction for four years he was due compensatory services for that amount of time. *See Compl. ¶ 22 and Exhibit previously attached.*

14. That at the June 24th, 2005 hearing counsel for the petitioner argued that DCPS denied Angelo access to a free and appropriate education when it failed to comply with the February 2005 settlement agreement, requiring DCPS to convene a MDT meeting to review and revise his IEP, complete reevaluations, and therefore Angelo is due compensatory education services. *See Compl. ¶ 23 and Exhibit previously attached.*

15. That an August 2005 Hearing Officer's Determination found, among other things, that a Angelo's right to compensatory education are not terminated by graduating from high school, and further determined that DCPS failed to comply with a February 2005 settlement agreement in which the DCPS agreed to discuss compensatory education. *See AR. at 2-9.*

16. That the August 2005 HOD ordered the DCPS to convene a MDT meeting within 30 calendar days of its issuance to discuss and determine the amount of compensatory education services due to Angelo. *Id.*

17. That DCPS failed to hold the meeting within 30 days of the issuance of the August 2005 decision, and so another administrative hearing request was filed alleging DCPS' failure to hold the meeting and develop a compensatory education plan. *See AR. at 10-16.*

18. That DCPS convened the MDT meeting on November 30th, 2005, a day before the scheduled hearing was to occur on December 1st, 2005. *See AR. at 136-142.*

19. That at the MDT meeting the advocate requested copies of tracking forms and IEP report cards for Angelo. *See AR. at 140-142.*

20. DCPS provided only copies of tracking forms from the period of March 2003 to June 2003 and September 2003 and never provided IEP report cards. *Id.*

21. That his courses for the 2005-2006 school year were photo technology, financial planning, conversational Spanish; body conditioning, concert choir, marching band, computer applications and U.S. Government. *See AR. at 144.*

22. That at the November 30th, 2005 meeting Angelo recounted that he received only specialized instruction in U.S. Government. *See AR. at 140-142.*

23. That DCPS alleged at the November 2005 meeting, which was not attended by any of his teachers, that the only reason Angelo did not receive specialized instructions was because he did not request help from his case manager. *See AR. at 137-139.*

24. That at the November 30th, 2005 meeting, DCPS refused to provide Angelo with compensatory education services. *Id.*

25. That at the December 2005 hearing, counsel for Angelo argued that DCPS failed to comply with the August 28th, 2005 HOD requiring the development of a compensatory education plan. *See AR. at 148-228 & 42-45.*

26. That the August 2005 HOD required DCPS to convene a MDT meeting within thirty days of the issuance of the HOD to discuss and determine the amount due to student and develop a compensatory education plan. *See AR. at 42-45.*

27. That counsel also argued that based on Angelo's April 2005 psycho-educational evaluation and his failure to pass an entrance exam into University of the District of Columbia evinces that Angelo's entitlement to compensatory education services. *See AR. at 160-165.*

28. That at the December 1st, 2005 hearing, counsel for Angelo requested a laptop computer with the appropriate software and tutoring to compensate Angelo for DCPS' failure to implement his IEP. *Id.*

29. That Angelo testified that as a student at the University for the District of Columbia he was having great difficulty in keeping up in his remedial courses (reading improvement, English fundamentals, and basic mathematics). *See AR. at 211-221.*

30. That Angelo testified that he was failing his college courses at UDC and that as a student at Wilson he did not receive specialized instruction, tutoring, nor did he meet with a case manager. *Id.*

31. That DCPS asserted that Angelo did not receive specialized instruction because he did not request assistance. *See AR. at 136-139.*

32. That DCPS did not offer any evidence to rebut Angelo's testimony regarding DCPS' failure to provide specialized instruction as written in Angelo's IEP. *See AR. at 194-204.*

33. That the hearing officer reasoned that because Angelo obtained a high school diploma DCPS' obligation to provide specialized instruction was obviated. *See AR. at 2-9.*

34. That the hearing officer opined that Angelo's high school transcript evinced his ability to

perform adequately in general education courses and that the student had the right to take electives instead of special education courses. *Id.*

35. That Angelo demonstrated that he had been denied FAPE thorough his testimony at the December hearing where he stated that he had not received specialized instruction. *See AR. at 21-219.*

Respectfully submitted,

/s/
Roxanne D. Neloms [478157]
Domiento C.R. Hill [496256]
James E. Brown & Associates, PLLC
1220 L. Street, NW, Suite 700
Washington, DC 20005
(202)742-2000 (Tele.)
Counsel for Plaintiffs