UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGELO GREGORY-RIVAS,<br>Plaintiff | )<br>)<br>)<br>)<br>) |
| v. | ) Civil Action No: 06-00563(HHK)<br>)<br>)<br>) |
| DISTRICT OF COLUMBIA, et al.,<br><br>**Defendants** | )<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO THE DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.**

**COMES NOW**, the Plaintiff, by and through counsel, Roxanne D. Neloms, Domiento C.R. Hill, and James E. Brown & Associates, PLLC and pursuant to Local Rule 7.1 and Rule 56 of the Federal Rules of Civil Procedure, respectfully moves this Honorable Court for entry of summary judgment against the Defendants for the reasons that are more specifically set forth in the attached Memorandum of Points and Authorities filed contemporaneously herewith and incorporated herein by reference as though set forth in its entirety. Wherefore, these premises considered, Plaintiff respectfully prays that this Honorable Court grant this motion.

Respectfully submitted,<br>
/s/<br>
Roxanne D. Neloms [478157]<br>
Domiento C.R. Hill [496256]<br>
James E. Brown & Associates, PLLC<br>
1220 L. Street, NW, Suite 700<br>
Washington, DC 20005<br>
(202)742-2000 (Tele.)<br>
<strong>Counsel for Plaintiff</strong>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGELO GREGORY-RIVAS,<br>**Plaintiff**<br><br>v.<br><br>DISTRICT OF COLUMBIA, et al.,<br><br>**Defendants** | )<br>)<br>)<br>)<br>) Civil Action No: 06-00563(HHK)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.**

**I. BACKGROUND**

The Plaintiff is seeking reversal and remand of the December 23, 2005 Hearing Officer Determination (hereinafter referred to as "HOD") which erroneously determined that the August 29, 2005 HOD did not award compensatory education services to Plaintiff.  In November 2006, the Plaintiff filed a motion for summary judgment asserting, among other things, the Hearing Officer failed to rule on DCPS' failure to comply with the August 29, 2005 HOD, the applicability of the law of the case doctrine, and the failure of DCPS to award compensatory education services and the failure of DCPS to provide the Plaintiff with access to a free and appropriate education(hereinafter referred to as FAPE).  In its opposition and cross motion, the Defendant argues that DCPS' failure to comply with the August 29, 2005 HOD resulted in a procedural violation, that the said failure did not equate to a denial of FAPE, that the law of the case doctrine does mot apply, and that the Plaintiff's could not be a recipient of an award for compensatory education because he graduated

from high school and received a high school diploma. Since the Defendant has failed to offer any cogent evidence which supports its motion, this Honorable Court should deny the cross motion for summary judgment and grant the Plaintiff's motion for summary judgment, reversing and remanding this matter to the Hearing Officer that presided over the August 2005 hearing ordering him to comply with the court mandate set forth in *Reid v. Dist. of Columbia,* 401 F.3D 516 (D.D.C. 2005).

## II. STANDARDS FOR REVIEW

### *a. Standards for Summary Judgment*

Summary judgment is appropriate under Federal Rule of Civil Procedure 56(c) when the moving party is entitled to judgment as a matter of law and no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)*; Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). "The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322. There is no genuine issue of material fact where the relevant evidence in the record, taken as a whole, indicates that a reasonable factfinder could not return a verdict for the non-moving party. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986). Facts and inferences drawn from those facts must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, summary judgment may still be granted if evidence favoring the non-moving party is merely colorable, or is not significantly probative. *Anderson*, 477 U.S. at 249-50. Once the movant files a proper summary judgment motion, the burden shifts to the non-moving party to produce "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); *Anderson*, 477 U.S. at 250. For a non-moving

party to establish that a genuine issue for trial exists, it must do more than simply show there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co.* 475 U.S. at 586. As there are no genuine issues of material fact, this Court should deny the Defendant's motion for summary judgment.

### b. Standards for Administrative Review

A party aggrieved by the findings and decisions rendered during the administrative due process proceedings is entitled to bring forth a civil action in either a state or federal court without regard to the amount in controversy. 20 U.S.C. § 1415 (i)(2). The reviewing court "shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and basing its decision on the preponderance of the evidence, shall grant such relief as the court determines to be appropriate." 20 U.S.C. § 1415 (i)(2).

The applicable standard of review requires that "a party challenging [an] administrative determination must [shoulder] the burden of persuading the court that the hearing officer was wrong, and that a court upsetting the officer's decision must at least explain its basis for doing so." *See Kerkam v. McKenzie*, 862 F.2d 884, (D.C. Cir. 1989) ("*Kerkam I*"). Thus, an administrative determination "without reasoned and specific findings deserves little deference." *See Kerkam v. Superintendent*, D.C. Pub. Schs., 931 F. 2d 84, 87 (D.C. Cir. 1991) ("*Kerkam II*"). In interpreting "the preponderance standard of review", the Supreme Court noted in Rowley, that it is not a review that equates into an "unfettered de novo review". *See Board of Educ. Hendrick Hudson Central School Dist. Westchester County v. Rowley*, 488 U.S. at 206, 102 S. Ct. 3034; Courts must give administrative proceedings "due weight," and [f]actual findings from administrative proceedings are considered prima facie correct." *Id.* (Quoting *S.H. v. State Operated Sch. Dist. of the City of Newark*, 336 F. 3d 260, 270 (3d Cir. 2003)). Courts may not substitute their own views for [that] of the hearing officer,

(*id.*at *Rowley* 206; *see also Shaw v. Dist of Columbia*, 238 F. Supp. 2d 127, 135 (D.D.C. 2002), and a court upsetting a hearing officer's decision "must a least explain its basis for doing so." *District of Columbia v. Ramirez* , F.Supp. 2d , 2005 WL 1540798, at *3 (D.D.C July 1, 2005). Because the Plaintiff has demonstrated through a preponderance of evidence in its previous motion and in the foregoing, that the December 2005 HOD was decided in error and the hearing officer's decision should not be afforded due weight.

### III. ARGUMENT

#### A. THE FAILURE OF DCPS TO COMPLY WITH THE AUGUST 29, 2005 HOD RESULTED IN A PROCEDURAL VIOLATION WHICH AFFECTED THE PLAINTIFF'S SUBSTANTIVE RIGHTS.

The Defendants argue that any failure by DCPS to comply with August 29, 2005 HOD was a procedural violation that did not constitute a denial of FAPE. More specifically, the Defendants argue that its failure to convene the meeting within the specified time was due to the Plaintiff's failure to respond to letters of invitations. This assertion is absolutely incorrect as the record clearly establishes that in addition to notifying the Office of Mediation and Compliance of the Defendant's non-compliance, counsel for the Plaintiff agreed on two separate occasions to attend MDT meetings on dates proposed by the Defendants. However, the Defendants invariably failed to confirm whether the MDT meeting would take place on very dates and times they proposed.

On September 22, 2005, counsel for the Plaintiff notified the Office of Mediation and Compliance regarding the Defendants' failure to convene the MDT meeting as ordered by the August 29, 2005 HOD. ***See AR. at 58.*** As noted by the Defendants, the meeting should have been held on September 29,2005, but the Defendants did not contact counsel within the thirty days as it was ordered and in fact did not even attempt to contact the Plaintiff to schedule the MDT meeting prior October 6, 2005, at 1:15 p.m. and 5:01 p.m., respectively, requesting a meeting. ***See AR. at 61***.

Counsel for the Plaintiff replied on the following day providing the Defendants with three alternative dates for the meeting. The Defendants subsequently responded on October 11, 2005 proposing three different dates. *See AR. at 66.* On October 12, 2005, counsel for the Plaintiff advised the Defendants that November 3, 2005, one of the proposed dates by the Defendant, was an agreeable date. Once again the Defendants failed to respond in a timely fashion so counsel for the Plaintiff, in a letter dated November 17, 2005, offered to meet on November 29, 2005. *See AR. at 69, 91.*

While they admit they did not comply with the August 29, 2005 HOD, the Defendants, in a very cavalier manner, argue that their non-compliance amounted to nothing more than a procedural violation and that as such, the said non-compliance did not amount to a denial of FAPE. Such an argument is seriously flawed, because under the totality of circumstances in this case, the numerous failures of the Defendants to comply with the terms of previous settlement agreements as well as their repeated and unexplained failure to do what they were ordered to do in HOD's has resulted in the Plaintiff not receiving access to FAPE. In *Blackman et al., v. District of Columbia, et al.,* WL 2456413 (D.D.C. 2006), the Court noted that the District's failure to comply with settlement agreements and HODs is "a per se denial of FAPE". *See Blackman supra.* Since November 2004, counsel for the Plaintiff has been required to file at least four (4) Administrative Due Process Hearing Requests due to the failure of the Defendants to provide specialized instruction and related services to Angelo, and in good faith, entered into no less than two settlements agreements whereby the Defendants agreed to remedy its default in providing the special education services Angelo needed and required. *See AR. at 10-17; 30-32; 37- 49.* Under *Blackman*, a rebuttable presumption of educational harm is created when DCPS fails to timely implement, *inter alia*, settlement agreements or HODs. In this case, the Defendants not only failed to implement settlement agreement and HODs, but they also failed to properly implement Angelo's IEP. Proof of the foregoing is the Defendants

admission that Angelo, in his senior year received only 10 to 15 hours of specialized instruction in his U.S. Government class but no where do they assert that he received the full complement of 22.5 hours of special education and related services on a weekly basis as his IEP required.

In the August 29, 2005 HOD, the Hearing Officer found, among other things, that a student's right to compensatory education are not terminated by graduating from high school, and further determined that the Defendants failed to comply with a February 2005 settlement agreement wherein it agreed to discuss compensatory education. The Hearing Officer ordered Defendants to convene a MDT meeting within 30 calendar days of its issuance *to discuss and determine* the amount of compensatory education services the Plaintiff was due and to *develop a compensatory education plan*. *See AR. at 42 - 45.* The fact that the subject HOD is couched in obligatory language rather than precatory language is telling. The import of the foregoing is the obvious recognition by the Hearing Officer of serial failure(s) of the Defendants in the appropriate and timely implementation of Angelo's IEP. One thing that is patently obvious in this matter is that Angelo did not receive the 22.5 hours of special education services that were specified within his IEP. The Defendants do not and cannot offer any reasonable justification for its repeated failure to comply with the settlement agreements nor the HODs in which the hearing officers ruled against them. Therefore, the Defendants were obligated to convene the meeting as ordered, to discuss and determine the quantity of compensatory education and then develop a plan to provide the compensatory education required remedy its failure to provide special education needs should have received..

Compensatory education awards should be designed to restore children with special education needs in the same position they would have occupied but for the school district failing to adhere to the provisions of IDEA (re-authorized as Individuals with Disabilities Education Improvement Act of 2004). *See Reid v. Dist of Columbia, et al.,* 401 F.3d 516 (D.D.C. 2005). The Plaintiff's

substantive rights were affected because Defendants failed to convene the MDT meeting on time as ordered in the August 29, 2005 HOD. Had the Defendants convened the MDT meeting as it was ordered to do and complied with the development of a compensatory education plan, Angelo would have received the remedial compensatory educational assistance necessary, including but no limited to reading and math, which arguably and reasonably would have better prepared him for the course work at the University for the District of Columbia.

## II. THE PLAINTIFF'S ENTITLEMENT TO COMPENSATORY EDUCATION SERVICES DERIVED FROM THE CONTINUOS FAILURE OF THE DEFENDANTS' TO IMPLEMENT PLAINTIFF'S IEP .

In arguing that the only issue presented before the Hearing Officer at the December 1, 2005 due process hearing was the Defendant's failure to comply with the August 29, 2005 HOD, the Defendant attempted to link the Plaintiff's entitlement to compensatory education from September 29, 2005 to November 30, 2005. However, counsel for the Plaintiff also asserted that the Defendants continuously denied FAPE to the Plaintiff during his tenure at Wilson Senior HS.

Without offering any case law to support its position, the Defendants argues that Plaintiff is not eligible to receive compensatory education since he elected to obtain his high school diploma. The Defendants wistfully argue that Plaintiff's IEP was implemented by dually certified teachers and that the elective courses he took were monitored by special education teachers. Other than the teachers who taught the Plaintiff Government and Spanish, the Defendants did not have teachers in place that could adequately and sufficiently provide special education services Plaintiff needed or required according to his IEP. In fact, Plaintiff testified at the hearing that while a student at Wilson Senior HS, he never received specialized instruction nor tutoring. ***See AR. at 211-221.*** Further, Sonya Lee, the special education coordinator at Wilson Senior HS, further acknowledged that the only dually

certified teachers who taught Plaintiff were in World Government and Spanish. ***See AR. at 136-139.*** Ms. Lee, in her testimony, acknowledged that although he had a full time IEP, Plaintiff did not receive any specialized instruction in the remainder of his courses. Moreover, the courses in question were electives and were taught by teachers who did not have dual certification. ***See AR. at 202-205.*** The Defendant's argument that these courses were taught by instructors who were dually certified is false, misleading, and cannot be supported anywhere in the record. It is clear that the Defendant knows no shame when it comes to defending is failure to provide FAPE to Angelo as it readily tries to vindicate its lack of action by trying to transfer culpability to Angelo, who suffered from and continues to suffer from both learning and emotionally disabilities. Indubitably, his poor grades were part and parcel of and the consequence of the Defendant's abject failure to provide him with the special education services and benefits to which he was entitled and resulted in a depreciated sense of self worth and personal esteem. The statements attributed to Angelo by the Defendants as well as the reasons given for his poor academic performance unmistakably adumbrate a lack of affirmation and support from those whose office is to educate and who are also posited with a heightened and even perhaps ultimate responsibility of supporting the educational pursuit of students like Angelo. In this instance, the Defendant has failed miserably and have perpetrated a unfortunate and horrible ruse upon Angelo by allowing him to graduate from high school even though his teachers knew he was ill prepared for what lay ahead. What happened to Angelo was disservice to him as he was totally unaware that he was not prepared for the college experience for which he desired and dreamed.

      Further evidence concerning the Defendants' failure to provide the Plaintiff with FAPE were noted by the educational advocate at the November 2005 meeting, such as the Plaintiff's academic weakness(es) as noted in the 2005 psycho-educational re-evaluation completed by DCPS (word reading 9.8; reading comprehension 4.4; numerical operations 5.8; math reasoning 5.4; spelling 8.8

and written expression 10.4). *See AR. at 110-113.* Among other things, the Defendants never provided IEP report cards, service related logs, or tracking forms (with the exception of March 2003 through June 2003) to substantiate that services were provided. *See AR. at 180-182.* Even so, the MDT team consisting of the school nurse, the recently hired special education coordinator, Sonya Lee, and Ms. Lanier, who had only taught the Plaintiff for half a semester decided that he was not due compensatory education services, despite being ordered to discuss, determine, and develop a compensatory education plan in the August 2005 HOD. *See AR. at 143; 42-46.*

As argued in the Plaintiff's Motion for Summary Judgment, " a student's decision to obtain a high school diploma does not relieve the district of its duty of providing a student with specialized instruction and related services." See *Letter to Riffel*, 34 IDELR 292, (OSEP August 22, 2000). "A district proves that it offered a student FAPE when it can demonstrate that it provided the student with personalized instruction with sufficient support services to permit the child to benefit educationally from the instruction." See *Independent School District No. 701, Hibbing Public Schools*, 45 IDELR 92, (Dist. Minn 2006). Thus, if a district could not demonstrate that it provided a student with FAPE, compensatory education services "can be awarded as appropriate equitable relief." See *Park v. Anaheim Union High School Dist.*, 45 IDELR 178, (9th Cir. 2006). The record demonstrates that the Defendants were deficient in the services it claimed it provided the Plaintiff. Counsel for the Plaintiff sufficiently demonstrated at the administrative level that the Plaintiff had been denied access to FAPE.

## CONCLUSION

For the aforementioned reasons, the Plaintiff respectfully request this Court to reverse and remand the December 2005 HOD with instructions for the hearing officer presiding over the August

2005 HOD to make a decision consistent with *Reid v. District of Columbia*, 401 F.3D 516 (D.D.C. 2005).

                                                Respectfully submitted,

                                                /s/
                                     Roxanne D. Neloms [478157]
                                     Domiento C.R. Hill [496256]
                                     James E. Brown & Associates, PLLC
                                     1220 L. Street, NW, Suite 700
                                     Washington, DC 20005
                                     (202)742-2000 (Tele.)
                                     **Counsel for Plaintiff**