UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGELO GREGORY-RIVAS )<br>**Plaintiff** )<br>        v. )<br> )<br> )<br>DISTRICT OF COLUMBIA, et al., )<br> )<br> )<br>**Defendants** ) | Civil Action No: 06-00563(HHK) |

### PLAINTIFF'S STATEMENT OF DISPUTED MATERIAL FACTS

1. That Plaintiff disputes Defendants' material fact numbered 1. Plaintiff also alleged that the District of Columbia Public Schools (hereinafter "DCPS") denied the Student with a Free and Appropriate Public Education by failing to timely provide the Plaintiff with special education instruction and related services. *See A.R. at 22-29.*

2. That Plaintiff disputes Defendants' material fact numbered 2. The basis of the August 2005 due process hearing was the failure of DCPS to convene a timely MDT meeting and to discuss compensatory education services. However, during the interim the Plaintiff graduated from Wilson Senior High School and the Defendants sought a dismissal claiming that the Plaintiff's graduation terminated his right to compensatory services. *See A.R. at 38; 42-46.*

3. That Plaintiff disputes Defendants' material fact numbered 3. The MDT meeting was not scheduled through counsel as agreed upon in the settlement agreement. *See A.R. at 44.*

4. That Plaintiff does not dispute the Defendants' material fact numbered 4.

5. That the Plaintiff does not dispute the Defendants' material fact numbered 5.

6. That the Plaintiff does not dispute the Defendants' material fact numbered 6.

7. That Plaintiff disputes Defendants' material fact numbered 7. That the August 2005 HOD ordered a MDT meeting within 30 days to discuss, and <u>determine the amount of compensatory education due and develop a compensatory education plan</u> [emphasis added]. ***See A.R. at 45***.

8. That the Plaintiff does not dispute the Defendants' material fact numbered 8.

9. That the Plaintiff disputes the Defendants' material fact numbered 9. On September 22, 2005, counsel for the Plaintiff notified the Office of Mediation and Compliance regarding the Defendant's failure to convene the MDT meeting as ordered by the August 2005 HOD. The Defendant did not contact counsel for the Plaintiff until October 6, 2005 at 1:15 p.m. at 5:01 p.m. requesting a meeting. ***See AR. at 58; 61***. Counsel for the Plaintiff replied on the following day with three alternative dates with the Defendant responding on October 11, 2005 proposing three different dates. ***See AR. at 66.*** The following day counsel for the Plaintiff agreed to November 3, 2005, one of the proposed dates by the Defendant and once again the Defendant failed to respond in a timely fashion so counsel for the Plaintiff, in a letter dated November 17, 2005, offered to meet on November 29, 2005. ***See AR. at 69, 91.***

10. Admitted in part, denied in part. More specifically, the Plaintiff agrees that the meeting took place on November 30, 2005, but the Plaintiff disputes that DCPS provided the Plaintiff with specialized instruction and related services.

11. That the Plaintiff disputes the Defendants' material fact numbered 11. Plaintiff only received specialized instruction from dual certified teachers in History/Government and Spanish. ***See AR. at 49, 51, 53, 137.***

12. That the Plaintiff does not dispute the Defendants' material fact numbered 12.

13. The Plaintiff disputes the Defendants' material fact numbered 13. Plaintiff testified that no case manager or special education monitor assisted him in his electives. On cross examination Sonya Lee, special education coordinator, testified that none of the teachers in the Plaintiff's elective courses were dually certified. *See A.R. at 202-205, 207-208, 210.*.

14. Admitted with explanation. Specifically, the Plaintiff had been identified to receive special education as a result of his being learning disabled and emotionally disturbed. The Plaintiff agrees that he offered the explanation that he was lazy but that he was also frustrated with his inability to compete with his classmates academically. *See A.R. at 189, 190, 215-216.*

15. The Plaintiff does not dispute the Defendants' material fact numbered 15.

16. The Plaintiff does not dispute the Defendants' material fact numbered 16.

17. That the Plaintiff disputes the Defendants' material fact numbered 17. That the Plaintiff requested a meeting ordering the Defendants' to provide the Plaintiff with compensatory education that would provide tutorial services and that a laptop be provided with software to assist the Plaintiff in completing his courses. *See AR. at 161.*

18. That the Plaintiff disputes the Defendants' material fact numbered 18. The Hearing Officer's statement that the August 2005 HOD did not provide the Plaintiff with compensatory education is a matter of opinion. *See AR. at 5.*

19. That the Plaintiff does not dispute the Defendants' material fact numbered 19.

20. That the Plaintiff disputes the Defendants' material fact numbered 20. The educational advocate stated that the a person could in fact have a full-time IEP and graduate with a high school diploma. This statement was further supported by DCPS witness, Sonya Lee. *See AR.at 190; 196-197.*

21. Admitted with explanation. The Plaintiff does not dispute the Defendants' material fact 21. However, Sonya Lee, the special education coordinator at the Plaintiff's high school noted that the Plaintiff need the electives to graduate from high school. ***See AR. at 197.***

22. Admitted with explanation. The Plaintiff does not dispute the Defendants' material fact numbered 22. However, the Plaintiff had received an "F" in English and had to take the course again. ***See AR. at 205.***

                                              Respectfully submitted,

                                              _____/s/_____
                                              Roxanne D. Neloms [478157]
                                              Domiento C.R. Hill [496256]
                                              James E. Brown & Associates, PLLC
                                              1220 L. Street, NW, Suite 700
                                              Washington, DC 20005
                                              (202)742-2000 (Tele.)
                                              **Counsel for Plaintiff**